Logan et al. vs. Jelks.

<hr>

LOGAN et al. vs. JELKS.

| 34 | 547 |
|----|-----|
| 64 | 550 |
| 34 | 547 |
| 71 | 393 |
| 34 | 547 |
| 74 | 306 |
| 34 | 547 |
| 81 | 302 |
| 34 | 547 |
| 87 | 498 |

1. STATUTE LIMITATIONS: *Title by possession.*
   A void patent may be used to give color of title and fix the limits of possession, and a continuous adverse · possession under it, or without any color at all, when the limits of possession may be shown, for a period of over seven years, as against parties whose rights are not saved, will create a title which may be used to maintain ejectment.

APPEAL from *Woodruff* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*Coody*, for appellant.
*Turner, contra.*

EAKIN, J.   Jelks sued appellants in ejectment, claiming
under parties who had entered the land at the United
States office at Batesville, on the first of January, 1852,
and obtained a patent on the first of September, 1856.   He
alleges that from the date of the patent until some time in
1876, when defendants obtained possession, he and those
under whom he claimed were in the continuous, peaceable
possession of the land, holding in person or by tenant, by
virtue of said patent, adversely to all others.   The patent
and some mesne conveyances are exhibited.

Appellants, in their answer, denied the right of plain-
tiff, and also his continuous adverse possession, as alleged.
They claim title by showing that the land in controversy
had been selected and confirmed to the state, as swamp
and overflowed, and bought from her on the twenty-sev-
enth of January, 1872, by appellants, who obtained the
patent of the state on the twenty-seventh of February,
1872.

It appeared upon trial, from the certificate of the state
land commissioner, that the land was confirmed to the
state on the fourth of August, 1860, and sold by her to
appellant, Logan, and the ancestor of the other appel-
lants, on the fourth day of March, 1862.   They perfected
their title under act of March 23, 1871, and obtained a
state patent, as alleged.

The plaintiff testified that from the twentieth of April,
1864, the date of his own purchase, until some time in
1870, when he sold it again and delivered possession to his

vendee, he was in the continuous, peaceable possession of the land, holding the same as his own under his deed; that the person to whom he sold in 1870 "kept it" about two years, when, being unable to pay, the trade was canceled and possession returned; and that afterwards plaintiff, by himself and his tenants, had been in possession until dispossessed wrongfully by defendants in 1876.

The court, sitting as a jury, found the facts as above stated, and held the plaintiff entitled to recover on his adverse possession under color of title. Judgment was rendered accordingly, and defendant appealed.

In the absence of any conflict of evidence as to the nature of the possession, the court properly found the possession of the plaintiff and those under whom he claimed to have been adverse, from the year 1866 to the year 1876.

Conceding the patent from the United States to have been void, it may be, nevertheless, used to give color of title and fix the limits of possession, and a continuous adverse possession under it, or without any color at all, when the limits of possession may be shown for a period of over seven years as against parties whose rights are not saved, will create a title which may be used to maintain an action of ejectment. This question has been directly decided in the case of *Jacks v. Chaffin*, at the present term, and the principles of that case govern this.

The purchase from the state in 1862 was valid, and gave the purchaser a right to the possession of the land, and to bring an action as soon as the statute of limitation should commence running again, which period has been fixed at the second day of April, 1866. More than seven years had elapsed before plaintiff lost possession, and his title had ripened. The act of 1871 did not extend the time

of limitation or fix a new period for rights accrued. The defendants might have sued upon their entry in the swamp land office, without the patent. See *Gantt's Digest, sec. 2257.*

Affirm the judgment.