## McCRARY *v.* JOYNER.

### Opinion delivered January 8, 1898.

EJECTMENT AGAINST TAX PURCHASER—AFFIDAVIT OF TENDER.—The statute which, in effect, provides that there shall be no recovery of lands against a person holding under a tax title unless the plaintiff shall file an affidavit setting forth that he has made a tender of taxes, costs, interest, etc., and that such tender has been refused (Sand. & H. Dig., § 2595), does not apply where the title set up by the plaintiff was acquired subsequent to the tax sale, and operated to cut off the tax title, such as a title by adverse possession. (Page 549.)

ADVERSE POSSESSION—LAND SOLD FOR TAXES.—The original owner of land sold for taxes, whose duty it was to pay such taxes, may, by subsequent adverse possession, acquire title as against the purchaser at the tax sale. (Page 550.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

#### STATEMENT BY THE COURT.

This is an action of ejectment. The plaintiff, M. D. McCrary, alleged that he was the owner of the land in controversy, and entitled to the possession thereof; that those under whom he claimed title had held actual, continuous and adverse possession of the land in controversy under color of title from the year 1853 until the year 1890; that the defendant, L. J. Joyner, on or about the 1st day of August, 1890, with force and arms entered upon the aforesaid land, and com-

mitted waste of timber on said land, and continues to hold and detain said land from plaintiff, to his great damage, etc. He further alleged "that the defendant, at an invalid tax sale of said land made in November, 1869, for the taxes of 1868, purchased said land, and on or about the 23d day of August, 1873, obtained a tax deed therefor, but never entered upon or held said land under or by virtue of said sale or said deed, but, on the contrary, the plaintiff and those under whom he claims title, as aforesaid, openly, notoriously, adversely, continuously and uninterruptedly have held possession of said land as aforesaid, before and since said tax sale, and in open defiance thereof, and for a period of more than seven years after said sale, before the defendant unlawfully took possession thereof, as aforesaid, and he therefore claims the benefit of the seven-years statute of limitations, in such cases made and provided." The plaintiff also set out the claim of title under which he and those under whom he claimed had held land, and prayed for judgment for possession.

The defendant appeared, and alleged that he claimed and held said land by virtue of a purchase thereof at a sale by the collector of taxes, made in 1869, for the non-payment of taxes due on said land for the year 1868, and moved that the action be dismissed, because plaintiff had not filed the affidavit required by statute of one who seeks to maintain an action for the recovery of lands against another holding under a tax title. The court sustained the motion, and dismissed the action.

*W. L. McCain* and *J. C. Head*, for appellant.

A title by limitation can be used against the former owner to support ejectment. 34 Ark. 534; 34 Ark. 547; 38 Ark. 181; 120 U. S. 534; Buswell, Limitations, §§ 2, 3, 23, 229. The legislature cannot divest a title acquired by the owner by limitation. Wood, Limitations, § 14.

*L. J. Joyner, pro se.*

The filing of an affidavit of tender of taxes, etc., to one holding a tax title is a condition precedent to a proceeding to set aside such sale. Sand. & H. Dig., § 2595; 23 Ark. 644. Even if it were true that appellant had acquired a title by limitation, appellee is entitled to reimbursement for the delinquent taxes he paid out. 37 Ark. 100. By payment of taxes,

one becomes subrogated to the lien of the state, and is no more barred by limitation than is the state. 41 Ark. 149; 28 Ark. 299; 23 Ark. 644; 37 Ark. 100; 39 Ark. 196; 38 Ark. 582; 24 Ark. 459; 42 Ark. 77; 49 Ark. 190; 50 Ark. 484.

RIDDICK, J., (after stating the facts.)   The only question presented in this case is whether, admitting the facts stated in the complaint to be true, the plaintiff was required to file an affidavit showing a tender of taxes and costs of tax sale to the defendant before commencing his action for the recovery of the land.   Our statute provides, in substance, that no person shall maintain an action for the recovery of lands against any person holding the same under a purchase at a sale by the collector or commissioner of state lands for non-payment of taxes, unless such person shall file an affidavit setting forth that he has made a tender of taxes, costs, interest, etc., and that such tender has been refused.   Sand. & H. Dig., § 2595. One object of this statute was to give some value to tax titles, by requiring the owner of land, who, by failing to pay taxes due thereon, had permitted it to be sold, to first tender to the purchaser of such land the taxes, costs of sale and interest thereon, before bringing an action against him to recover the land.   But this statute was not intended to apply when the title set up by the plaintiff was acquired subsequent to the sale for the non-payment of taxes, and was such that it operated to cut off the title acquired by the purchaser at the tax sale.   In such a case the plaintiff is not attacking the validity of the tax sale, and is not required to make a tender of the taxes and costs of sale.   For instance, suppose that one should purchase land at a sale for the non-payment of taxes, and take possession under said purchase, and afterwards, by failing to pay taxes due thereon, should permit said land to be again sold for non-payment of taxes, and purchased by another.   In that event the purchaser at the last sale would not have to tender taxes and costs of first sale to the first purchaser before bringing an action to recover the land; for, in order to recover, it would not be necessary for him to show that the first sale was invalid.   His action does not question the validity of the first sale, and he is in no way liable for the costs of such sale, and

is not required to make a tender or file the affidavit mentioned above before bringing his action. Now, if the allegations of the complaint in this case are true, the tax title which the defendant sets up is not in conflict with the claim of plaintiff. The plaintiff does not have to contest the validity of such tax title, or the sale upon which it was based, in order to recover, for his title was acquired by adverse possession, commencing after said sale, and after the period of redemption had expired. The adverse possession of plaintiff, or those under whom he holds, if the facts alleged be true, cuts off the title acquired by defendant under the purchase at the sale for the non-payment of taxes, and cuts off also all rights resting upon said purchase, among which was the right to require those seeking to recover the land to tender taxes and costs of tax sale, and vested the title of the land in such adverse holders. *Jacks* v. *Chaffin,* 34 Ark. 534; *Logan* v. *Jelks,* 34 Ark. 547; *Crease* v. *Lawrence,* 48 Ark. 312.

It is a matter of no moment that such adverse holders were the original owners of the land, whose duty it was to pay the taxes, and for the non-payment of which the land sold; for the adverse possession of the land by the original owner against the purchaser at the tax sale for a period of over seven years after the right of action accrued to such purchaser under his purchase, cut off all rights acquired by the tax sale as completely as if some third party had got possession of the land, and held it adversely, under color of title, for the statutory period. If the facts alleged be true, the right of the plaintiff to recover the land is as complete as if the defendant had, subsequent to the tax sale, conveyed the land to plaintiff, and he was not required to make a tender of taxes before bringing his action. *Jacks* v. *Chaffin, supra; Logan* v. *Jelks, supra; Douglass* v. *Flynn,* 43 Ark. 398.

But, as the plaintiff made no tender of taxes, and did not file the affidavit required in certain cases by section 2595 of Sandels & Hill's Digest, he cannot question the validity of the tax sale, and must rely upon title by adverse possession subsequent to the tax sale under which defendant claims.

For the reasons stated, we are of the opinion that the court erred in sustaining the motion to dismiss the action.

The judgment is therefore reversed, and the cause remanded, with an order to overrule said motion, and permit plaintiff to try his action upon the allegations of title by adverse possession.