BROWN *v.* NORVELL.

Opinion delivered March 18, 1905.

1. INJUNCTION—AGAINST ONE'S OWN SUIT.—One is not entitled to injunctive relief against his own suit, as he can dispose of it by a dismissal.

2. QUIETING TITLE—JURISDICTION.—A bill to quiet title was improperly brought in equity under Kirby's Digest, § 6518, where defendant was in actual possession claiming adversely.

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*R. G. Brown,* for appellant.

A defendant in possession of land cannot be deprived of his right to trial by jury. 32 Ark. 553; 56 Ark. 397; 49 Ark. 155; 57 Ark. 589; 27 Ark. 233; 29 Ark. 612; 30 Ark. 589; 105 U. S. 180; 3 Peters, 447. Possession on the part of plaintiff is a necessary jurisdictional fact in an action to quiet title, unless his title be an equitable one. 57 Ark. 106, 589; 37 Ark. 643; 43 Ark. 28; 44 Ark. 436. The title set up in the bill was a legal one. 43 Ark. 307. The chancellor erred in holding the

deed from Holloway, commissioner, to Pickett, void.   37 Ark. 353; 55 Ark. 37, 49; 61 Ark. 474.   Judgments of the probate court cannot be attacked collaterally.   19 Ark. 515; 12 Ark. 84; 33 Ark. 575; 47 Ark. 222; 38 Ark. 78.   A gift to be effectual must be fully executed.   14 Am. & Eng. Enc. Law, 1016; 48 Ill. App. 536; 117 N. Y. 601; 15 Ark. 519; 10 Ark. 224; 60 Ark. 169; 59 Ark. 191; 32 Ark. 116; 14 Ark. 304.   Appellee is estopped by her own conduct from setting up her title.   16 Ark. 122; 13 Ark. 177; 10 Ark. 211; 24 Ark. 371; 35 Ark. 293, 376; 29 Ark. 218; 34 Ark. 465; 39 Ark. 131; 15 Abb. 223; 27 Barb. 610; 44 Barb. 228; 32 N. Y. 116; 30 N. Y. 541; Pom. Eq. Jur. 807; Eaton, Eq. 171.

*William M. Randolph, George Randolph* and *Wassell Randolph,* for appellee.

The ground of multifariousness is not tenable.   Kirby's Dig. § 6079; 11 Ark. 720; 20 Ark. 25; 45 Ark. 549; 2 How. 619; 68 Ark. 409; 117 Fed. 193.   Justice has been attained in the decree rendered, and the same will not be reversed.   Kirby's Dig. § 1226; 43 Ark. 220, 535; 46 Ark. 542; 40 Ark. 192; 31 Ark. 334.   Chancery, having obtained jurisdiction once, has jurisdiction for all purposes.   Kirby's Dig. § § 1523, 6518; 46 Ark. 34.   Appellee had title by adverse possession.   Wood, Lim. § 271; Buswell, Lim. § 241; 34 Ark. 598; 23 Ark. 147; 120 U. S. 545; 34 Ark. 534; 50 Ark. 345; 64 Ark. 547.   Any substantial title, whether legal or equitable, will support a suit to remove a cloud upon title.   Kirby's Dig. § 6517; 57 Ark. 589; 13 Peters, 195; 110 U. S. 15; 134 U. S. 300; 155 U. S. 404. Appellant was a mere trespasser, and had no right in the land. 43 Ark. 529; 40 Ark. 192; 68 Ark. 150; 70 Ark. 157.   The arrangement made by Brown with the tenant, Ferrell, was collusive and a fraud.   Buswell, Lim. § § 237, 552; Wood, Lim. 512, 552; 35 Ga. 139; 30 Mich. 237; 42 Wis. 391; 21 Miss. 383; 3 Me. 188; 20 Ark. 547; 144 U. S. 533.   A void deed or patent is color of title.   34 Ark. 547; 20 Ark. 542; 13 How. 472; 40 Ark. 238.   Appellee's adverse possession extended to the whole tract.   80 Ky. 101; 2 Bailey, 59; 13 Conn. 227; 39 Conn. 98; 3 Watts, 72; 5 Ired. 711; 4 Lea, 513; 21 Ark. 9; 33 Ark. 151. The relief prayed for by appellee was proper.   155 U. S. 323;

112 U. S. 405; 19 Ark. 139; 22 Ark. 103; 20 Ark. 508; 37 Ark. 644; 24 Ark. 431; 29 Ark. 620; 46 Ark. 102; 48 Ark. 312; 14 Ark. 346; 29 Ark. 622; 46 Ark. 102; 50 Ark. 141; 142 U. S. 417; 68 Ark. 150; 24 Ark. 440. The tax sales were void for inadequacy of description. 50 Ark. 116; 59 Ark. 344; 64 Ark. 108; 117 U. S. 683; 134 U. S. 632; 168 U. S. 224; 59 Cal. 206. The land was sold without notice. Kirby's Dig. § 4424; 45 Ark. 192; 16 Ark. 46; 55 Ark. 444; 60 Ark. 372; 62 Ark. 439; 47 Ark. 62, 528; 53 Ark. 545; 46 Ark. 33; 48 Ark. 184; 51 Ark. 275; 55 Ark. 98; 56 Ark. 485.

HILL, C. J. The appellee, Mrs. Norvell, filed her complaint in equity in Crittenden Chancery Court against W. N. Brown, Jr., L. Pickett and other defendants therein mentioned. She alleged that Josiah F. Earle, her brother-in-law, made her a gift in fee of the northwest quarter section 32, township 8 north, range 6 east; that the gift was not in writing, but was verbal; that after the gift was made she, in accordance therewith, entered upon and took and kept and continued the possession of the said land until the defendants, Brown and Pickett, wrongfully deprived her of the possession of it; that a portion of the land was cleared and fenced and cultivated by her for a long time, and she built houses thereon, and had uninterrupted and exclusive possession and enjoyment thereof, and no one asserted claim thereto adversely. She then alleges the various tenants who held the land for her, and the length of each one's tenancy, beginning in the year 1882 and ending in 1897, when she alleges that Brown and Pickett forcibly took possession of the land from her then tenant and sub-tenant; that the possession was obtained through the collusion of a sub-tenant, who had previously been on the place under plaintiff's tenant, who permitted them to take possession, and he then rented from them; that she brought suit of forcible entry and detainer against Brown and Pickett, and after judgment in her favor the judgment was set aside, and the case was pending in the circuit court; that since such ouster Brown and Pickett had unlawfully been in possession of said property, claiming it as their own; that for the unlawful use of said property the said defendants are indebted to her in the sum of $200 per annum from January 1, 1897. Then the complaint alleges the existence and record of the various deeds

under which Brown and Pickett assert titles, which, briefly, are as follows:

1. A commissioner's deed from commissioner in chancery to Pickett, in case wherein Board of Directors of St. Francis Levee District was plaintiff, and various land owners were defendants. This deed is alleged to be void for various reasons set forth in the complaint.

2. The death of Josiah F. Earle was alleged, and that he left a will leaving one-half his estate to his wife, Mrs. L. R. Earle, and the other half to his children, Ben R. and Ruth Earle, who were defendants herein, and that Mrs. Earle died, and, under orders of the probate court, this land was sold to pay her debts, and the administrator conveyed it to Pickett. The complaint alleges that this deed was void because the land did not belong to Mrs. Earle's estate, but belonged to her (the plaintiff) long prior to Mrs. Earle's death, and she was in possession of it.

3. Deed from Pickett to Brown dated January 18, 1897, just after the alleged ouster by Pickett and Brown. This deed was alleged to be void because the said Pickett had no title to pass to Brown. There is an allegation that Brown and Pickett conspired together for the purpose of unlawfully obtaining the title to said lands for themselves or the defendant Brown, and that they were fully informed of the title and possession of the plaintiff, and knew of the void character of the proceedings.

4. The complaint alleged that one Diehl claimed without right a one-fourth interest in the property acquired through Ben Earle, who had no interest to convey. All of these deeds are alleged to be clouds on plaintiff's title. The prayer of the complaint was that the title to the land be ascertained and quieted, and the various conveyances attacked be cancelled, and that plaintiff be put into possession of the land, and that rents and profits be ascertained, and she have judgment therefor, and that her suit of forcible entry be enjoined, and the defendants be enjoined from setting up title.

The defendant Brown first moved the court to require the plaintiff to elect which action she would prosecute, and, upon that motion being overruled, he then moved the court to transfer

the cause to the law docket of the Crittenden Circuit Court, and for cause thereof stated that the complaint shows it is a bill to clear cloud from title, and that said defendant Brown is in possession of the land. This motion was also overruled, and exceptions noted. Then a demurrer was filed by Brown, setting forth that the complaint showed no equity; that the remedy at law was adequate and complete, and that the chancery court had no jurisdiction of it, and other grounds. This was also overruled, and exceptions saved. Then Brown answered, in the main denying the allegations of the complaint, and asserting title in himself under the various deeds mentioned in the complaint. There was a trial on evidence adduced. The judgment was for the plaintiff, and relief accorded substantially as prayed. The judgment was that Mrs. Norvell had title to the land, that the various deeds attacked be cancelled, and that a writ of possession issue placing her in possession of the land, and that she recover $120 per annum for the land, total $720, and that execution issue therefor.

There was no ground for chancery jurisdiction in this case. The injunctive relief prayed was uncalled for, and not granted. It was to restrain her own suit of forcible entry and detainer then pending in the circuit court. She could dispose of it at any time by a dismissal without an injunction, and no facts were alleged rendering an injunction against that action either necessary or proper.

The action was essentially one of ejectment incumbered with allegations evidentiary of her title and the title of the defendants. The plaintiff's title rested on a parol gift perfected by possession and improvements for more than seven years. Under the decision of this court, in *Trotter* v. *Neal,* 50 Ark. 340, this gave paintiff a legal title, if those allegations were true.

While this is essentially an action of ejectment, yet it is framed as a bill to quiet title, and, if treated as such, the want of jurisdiction in chancery is equally manifest. Section 6518, Kirby's Digest, says: "If the suit be brought against a person or persons in actual possession of the lands claiming adverse title, the suit shall be brought on the law side of the docket; if the plaintiff be in possession. or the lands be wild and unoccupied,

then the suit shall be brought in equity." Then the statute further provides for various claimants of different tracts being joined in one suit, and for separation of issues, and then provides: "If any defendant in a cause in equity be in actual possession, claiming adverse title, the cause as to him shall be transferred to the law docket."

This appeal deals only with the defendant Brown, who was alleged in the complaint to be in actual possession, and proved on the trial to have been in possession for several years, and judgment rendered against him for rents since 1897. This statute was passed to meet a constitutional objection to an earlier statute permitting suits in chancery, whether the party was in or out of possession, and it must be given full effect.

The chancery court erred in overruling the motion to transfer, and the judgment is reversed, and the cause remanded, with directions to grant the motion to transfer the cause to the Crittenden Circuit Court.