### BROWN *v*. NORVELL.

#### Opinion delivered December 5, 1910.

1. ADVERSE POSSESSION—EXTENT.—Where the evidence shows that the owner of a certain quarter section by parol gave it to the appellee, who took possession of a part thereof by virtue of such gift, her possession, being referable to the gift, extended to the boundaries of the land.  (Page 612.)

2. LEVEES—DELINQUENT TAXES—VALIDITY OF SALE.—A sale of land for taxes due the St. Francis Levee District under Acts 1895, c. 71, was void where neither the owner residing in the county nor her tenant in possession was made a party to the suit to collect such taxes. *Van Etten* v. *Dougherty*, 83 Ark. 534, followed.  (Page 613.)

3. GIFTS—ATTEMPT OF DONOR'S ADMINISTRATRIX TO SELL.—A donee of land was not required to take notice of a proceeding in the probate court to sell her land as part of her donor's estate.  (Page 613.)

4. ESTOPPEL—SILENCE.—The owner of land, in possession under a parol gift, who knows that the property is being advertised for sale as the property of her donor's estate is under no obligation to seek out a prospective purchaser and notify him of her title.  (Page 613.)

Appeal from Crittenden Circuit Court; *W. J. Lamb*, Special Judge; affirmed.

*Wm. M. Randolph, George Randolph* and *Wassell Randolph*, for appellees.

1.  It was held on former appeal, reported in 74 Ark. p. 488, that plaintiff's title rested on a parol gift, perfected by possession

and improvements for more than seven years, and that if those allegations were true plaintiff had legal title. The circuit court, sitting as a jury, found such allegations to be true, and its findings are as conclusive as the verdict of a jury. 38 Ark. 438; 68 Ark. 83; 90 Ark. 500; 92 Ark. 45; 25 Ark. 562; 33 Ark. 100. The verdict of a jury will not be disturbed except where there is no evidence to support it. 15 Ark. 403; 13 Ark. 306; 19 Ark. 684; 23 Ark. 51; *Id.* 112; *Id.* 32; *Id.* 208; 51 Ark. 467; 57 Ark. 483; 84 Ark. 406; *Id.* 74.

2. Where there is a writing fixing the boundaries of a tract of land, and the party claiming thereunder has taken possession and inclosed a part of the tract, and the remainder is uninclosed and not adversely occupied, possession of the part extends to the whole. 1 Ark. 448; 34 Ark. 547; 71 Ark. 390; 75 Ark. 514; 78 Ark. 99; 21 Ark. 9; 33 Ark. 151; 80 Ark. 435. And the same is true in case of a parol gift of a designated tract of land having fixed boundaries, and the donee enters upon a part of the land and actually occupies it. Buswell on Limitations & Adverse Possession, § § 259, 264, 267; Angell on Limitations, § § 404-405; Sedgwick & Wait, on Trial of Title to Land, § § 762, 773, 780; Wood on Limitations of Actions, § 259; 52 Mo. 108; 3 Watts (Pa.) 72.

3. Appellees are not estopped. Mrs. Norvell was in possession of the land by her tenant Rhodes when the sales for levee taxes were made, yet neither was made a party to the suit for levee taxes. As to the sale by the administrator, that could not affect her title. She was not a party to the administration, and not required to take notice of anything done in the course of such administration. 77 Ark. 477; 83 Ark. 534; 86 Ark. 394; 76 Ark. 25, 27.

*R. G. Brown* and *Allen Hughes,* for appellants.

1. It is apparent from the testimony that there was no present gift, but that the conversation between Earle and Mrs. Norvell contemplated a gift in the future. To make a valid gift the evidence must show that the property was intended presently to pass. 43 Ark. 319, 320; 1 Ark. 83; 44 Ark. 45; 129 Fed. 287; 14 Am. & Eng. Enc. of L. (2 ed.) 1017. The improvements having been placed on the land by Dr. Norvell during his lifetime and under his contract of purchase on which he

paid nothing, this raises no equity in favor of appellees. 63 Ark. 105: 82 Ark. 40.

2. If there was a gift *in praesenti*, it is manifest from the language employed by the donor that he referred only to the cultivated land which Mrs. Norvell had had in her possession, and the gift could not apply on any other.

3. Appellees are estopped from setting up title by the action of Mrs. Norvell, who, having knowledge that land was advertised for sale by the administrator, and by the commissioner under the levee tax decree, allowed it to be sold without giving any notice of her claim of title or asserting any claim of right therein.

4. The decree for the levee tax sale was regular and valid, and the burden is upon the appellees on collateral attack to show the facts which avoid the decree. 84 Ark. 527; 79 Ark. 16.

HART, J. The first appeal in this case is reported in 74 Ark. 484 under the style of *Brown* v. *Norvell,* and reference is made to that decision for a statement of the case. In accordance with the mandate the case was transferred to the circuit court, where it proceeded as an action of ejectment. The case was by agreement tried before the court sitting as a jury upon the record made on the first appeal.

The court found that the appellees had title to the land. Judgment was accordingly rendered in their favor for the possession of the land, and a reference was made to a special master to take proof and state an account of the amount of rents and profits received by appellants and the value of the improvements made by them and the amount of taxes paid by them. Appellants took an appeal from that judgment without waiting for the report of the master. This court held that the judgment was interlocutory and not appealable until the questions submitted to the master were disposed of. See *Brown* v. *Norvell,* 88 Ark. 590. Afterwards, the master made his report showing a balance in favor of appellees of $1,749.14. From the judgment rendered, appellants have again prosecuted an appeal to this court, and appellees have taken a cross-appeal.

As will be seen from the statement of the case in 74 Ark. 484, appellees claim title to the land by virtue of a parol gift to their mother, Laura M. Norvell, by Josiah F. Earle, and the cir-

cuit court so found. It is the contention of appellants that the evidence does not sustain the finding of the court. Laura M. Norvell testifies positively and unequivocally that Josiah F. Earle, who was her brother-in-law, made her a gift in fee of the lands in controversy, towit, the northwest quarter of section 32, township 8 north, range 6 east. She states that her husband in his lifetime, by parol, purchased the lands and went into possession of the same; that he began to clear and cultivate them, but did not make any payments on the purchase price; that he died in 1872, and that after his death, Josiah F. Earle made her a gift of the lands; and that she continued in possession of the same, cultivating and improving them and collecting the rents therefrom. On cross examination, in answer to the question, "Did he (referring to Josiah F. Earle) say I will make you a present of it (referring to the land in controversy)?" she said: "He said, I will make you a present of it right now. It is yours from this on."

Ben Earle testified that he was a son of Josiah F. Earle, and that his father died in 1884. He said that he had frequently heard his father in his lifetime say that he had given Mrs. Norvell the land in controversy. Several other witnesses testified that Josiah F. Earle had stated to them that he had given the land to Mrs. Norvell, and that he intended to execute a deed to her; that he had great affection for Mrs. Norvell, who was his wife's sister, and always spoke of the land as her land. There is nothing to contradict this testimony except such inference as may be drawn from the fact that Earle paid the taxes on the land after the date of his alleged gift; but this is explained by the fact that he was in good circumstances, and that she was poor, and that he did it from a desire to help her. On one accasion, when looking after his taxes, when he came to the description of the land in controversy, he said that it belonged to Mrs. Norvell. The testimony shows that Josiah F. Earle assisted Mrs. Norvell in many ways; that he always treated and spoke of the land as belonging to her by gift from himself, and that he never claimed or demanded from her any rent for it.

The testimony tending to establish the parol gift of the land to Mrs. Norvell is clear and direct, and we think is amply sufficient to support the finding of the circuit court. See *Young* v. *Crawford*, 82 Ark. 33.

It is also contended that appellees have title only to that part of the land that was actually occupied by Mrs. Norvell, but the proof shows that Earle intended to give and did give her the whole tract; and her possession, being referable to the gift, extends to the limits of the boundaries of the land so given her. Wood on Limitation of Actions, § 260, p. 603; Angell on Limitations, § 405; Sedgwick & Wait on Trial of Title to Land, § 773.

2. Laura M. Norvell had title to the lands, and was in the possession of them by actual occupancy of her tenants at the time the proceedings to enforce the lien of the levee district for the collection of levee taxes were instituted. Neither Mrs. Norvell nor her tenant who occupied the land was made a party to the proceeding. Hence the sale thereunder as to Mrs. Norvell was void; and the purchaser at said sale acquired no rights against her or her heirs. *Van Etten* v. *Daugherty,* 83 Ark. 534.

Nor could the sale by the administrator of the estate of Louisa Earle under orders of the court affect her rights. She was not in any way interested in said estate. She was not required to take notice, and was not bound by any proceedings had in the course of administration.

3. It is next insisted that appellees are estopped from setting up the title claimed by them. It is claimed that the estoppel arises from the fact that Mrs. Norvell knew that the land was advertised for sale by the administrator of Mrs. Earle and by the commissioner under the levee tax decree. An estoppel *in pais* depends upon the facts in each particular case. Mrs. Norvell was not present at either the administrator's sale or the sale under foreclosure proceedings for the levee taxes. She was not a party to or interested in either proceeding, and is not estopped from claiming the land in controversy.

"All that equity requires is that a person shall do no act, nor be guilty of any misleading reticence, or apparent acquiescence, by which another may be entrapped into a transaction which he would not have entered upon if he had been advised of the objection. For instance, if one stands by when he should assert his claim, and by that induces a purchaser to believe he has none, he will be estopped. But a mere knowledge that a third person is about to purchase does not of itself impose upon the owner of an equity the duty of seeking him out, and advising him against

it." *Bramble* v. *Kingsbury,* 39 Ark. 131; *Simpson* v. *Biffle,* 63 Ark. 289; *Waits* v. *Moore,* 89 Ark. 19.

4. Neither counsel for appellant nor cross-appellant have abstracted the testimony upon which the master's report is based, and by the familiar rule of practice we are not required to explore the transcript for alleged errors.

The judgment will be affirmed.