BUTLER *v.* JOHNSON.

Opinion delivered October 14, 1929.

*A. D. Murphy* and *T. O. Abbott,* for appellant.

*Herbert V. Betts* and *N. A. Cox,* for appellee.

BUTLER, J. An illiterate negro man, Abe Johnson, purchased from one J. W. Young, in 1894, an eighty-acre tract of land in Union County, Arkansas, and went into possession thereof under his purchase, which was evidenced by the following instrument:

"Articles of agreement made the 19th day of....................., 1894, between J. W. Young of Lisbon, Union County, Arkansas, party of the first part, and Abe Johnson of Lisbon, Union County, Arkansas, party of the second part, witnesseth: That the said party of the first part, for.............. in consideration of the sum of one dollar, to him in hand paid, has contracted and agreed to sell to the said party of the second part all that certain piece or parcel or lot of situated in Union County and above said State, and described as follows: Northeast southwest section 28, township 16, range 17, 40 acres; southeast northwest section 28, township 16, range 17, 40 acres.

"And the said party of the first part agrees to execute and deliver to the said party of the second part a warranty deed for said land described above, provided and upon condition, nevertheless, that the said party of the second part, his heirs or assigns, pay to said party of the first part, his heirs or assigns, for the said land the sum of forty-two dollars ($42), to be paid on the first day of November, 1894, in lawful money, and forty dollars ($40) to be paid on the first day of November, 1895, to be paid to J. W. Young, of the first part. If the second party should fail to meet his payment, or his heirs or assigns, he then forfeits his claim on said land as described above. Then, and in such case, the said party of the first part, his heirs and assigns, shall be at liberty to consider the contract as forfeited and annulled, and to dispose of said land to any other person in same manner as if this contract had never been made.

"In witness whereof they have hereunto set their hands and seals, and delivered.

"J. W. Young,

his

"Abe X Johnson."

mark

At the time of the institution of the suit, both Young and Abe Johnson had been dead for some years. On the 23d of April, 1928, the appellees, Sylvester Johnson and others, as the heirs at law of Abe Johnson, deceased, brought suit in the Union Chancery Court to have their title quieted to the aforesaid lands, and for certain deeds, held by the appellants, A. J. Butler and A. W. Friend, to be canceled as clouds upon their title. The appellants, Butler and Friend, and one R. L. Edwards, who was joined as a party defendant, answered, denying the title of the appellees, and setting up title in themselves, A. J. Butler claiming the south forty acres of the land in controversy by virtue of a deed from the Ouachita Valley Bank, executed and delivered November 1, 1917, which bank claimed title under a deed from J. W. Young, dated May 8, 1916; and A. W. Friend claimed title to the north forty acres under a deed from J. W. Young, dated December 30, 1920.

R. L. Edwards was sued for the value of the timber cut from the land, and answered, admitting the cutting of the timber, but denying the quantity and value as alleged by plaintiffs, and alleging that he purchased same without any knowledge of plaintiffs' claim to said land or timber.

There was a decree for the appellees, canceling the deeds of Butler and Friend, and awarding judgment in their favor against the defendant Edwards for the sum of $195 for the timber cut by him on said land.

The appellants assert, as grounds for reversal, that the preponderance of the testimony failed to show that appellees or their ancestor had paid the consideration named in the instrument *supra;* that said instrument was not such color of title as to extend the occupancy of ap-

pellees to the boundaries of the land named therein; that the evidence failed to show adverse possession of the appellees or their ancestor for the statutory period; and that the decree of the chancellor as to all these particulars was against the preponderance of the testimony.

It is undisputed that Abe Johnson went into possession of the land in controversy in 1894, and remained in continuous possession until his death in 1921, and that since that time appellees' children have remained and are now in possession thereof. The facts disclosed by the testimony relative to the payment by Johnson of the purchase price are meagre, but we think, from a careful consideration of all the testimony introduced, that the preponderance of the testimony tended to establish the fact of payment, and the chancellor was correct in his finding in this respect. Johnson cleared and put in cultivation, a short time after his purchase, a small tract of land on the north forty, and kept the same inclosed and cultivated for many years. He built his cabin and outbuildings on the south forty soon after his purchase, and lived there until he died, and his children (appellees) still live there. The chancellor has found that the purchase price was paid by Abe Johnson, and that his possession, after the payment of the purchase price, was open, notorious, continuous, and adverse to the rights of the appellants and all others, which possession has remained uninterrupted from the date of purchase until the institution of this suit, an interval of some thirty-two years.

As suggested by the appellants, this court has held in *White* v. *Stokes*, 67 Ark. 184, 53 S. W. 1060, and *Beasley* v. *Equitable Securities Co.*, 72 Ark. 601, 84 S. W. 224, 228, that a bond for title is not color of title. But those were cases passing upon the right of the occupant to recover the value of improvements placed in good faith upon the land purchased and held under a bond for title the right to the improvements being based upon the statute, now § 3703, Crawford & Moses' Digest, giving those

in possession of land under color of title and claiming title in good faith right to recover for improvements when ousted by a paramount title. . In *Beasley* v. *Equitable Securities Co., supra,* the court, among other things, said: "It does not appear in this case that the occupant, Beasley, who made the improvements, was or is entitled to a conveyance or title, according to the conditions of his bond. So it is not necessary to say what would have been the effect of his bond if he had complied with its conditions." But, as the facts in the case at bar and the claim of the appellees are different from that of the cases cited, the same are not in point. In this case the claim is ownership under a purchase, the consideration for which was paid, and the instrument executed by J. W. Young to Abe Johnson, heretofore set out in this opinion, is but one of the links in the evidence showing the purchase from J. W. Young, and it is immaterial whether it of itself would constitute a color of title; for the title claimed by the appellees does not rest upon the aforesaid instrument, but upon the payment of the purchase money and the possession taken by virtue of the purchase and continuing uninterruptedly from the time of the payment of the purchase price agreed upon. The sale and payment of the purchase price, perfected by possession for more than seven years, gave Johnson legal title (*Brown* v. *Norvell,* 74 Ark. 484, 86 S. W. 306), and where this possession has been open, peaceable, continuous and adverse for a long period of time, as in this case, the presumption arises that a deed to the property has been executed. *Carter* v. *Goodson,* 114 Ark. 62, 169 S. W. 806; *Carter* v. *Stewart,* 149 Ark. 189, 231 S. W. 887.

It follows that the title, having vested in the ancestor of the appellees, the possession of only a portion of each of the forties included in the purchase is extended to the boundaries of the lands described. *Brown* v. *Norvell,* 96 Ark. 609, 96 S. W. 609; *Connelly* v. *Dickinson,* 81 Ark. 258, 99 S. W. 82.

In this case, as to the south forty, on which was located the dwelling of Abe Johnson, the appellant Friend,

who is the claimant of that tract, contends that whatever title Johnson had to it was divested by reason of a sale for the taxes of 1918, and the deed made pursuant thereto, executed May 18, 1920, in which J. W. Young, his grantor, was named as the party grantee. It is insisted by the appellees that the tax deed was void on its face, and therefore conveyed nothing. It is not necessary to set out the deed or to discuss its validity, for the reason that, after its execution, the appellees and their ancestor remained in actual and adverse possession of the lands for more than seven years. *McCrary* v. *Joiner,* 64 Ark. 547, 44 S. W. 79; *Moorehead* v. *Dial,* 134 Ark. 548, 204 S. W. 424.

Appellant R. L. Edwards admitted cutting and converting the timber. He only questioned the amount and value, and the title of appellees. The evidence justified the finding of the chancellor as to the value of the timber; and, as the title was found to be in appellees, it follows that the judgment against him was correct.

There appearing no error, the decree is affirmed.