UNITED STATES v. 2,184.81 ACRES OF LAND IN SEBASTIAN, CRAWFORD AND FRANKLIN COUNTIES, ARK., et al. (SCHOOL DISTRICTS NOS. 38 AND 52 OF CRAWFORD COUNTY, ARK., Intervenors).

No. 284.

District Court, W. D. Arkansas, Fort Smith Division.

July 8, 1942.

682

John E. Harris, Sp. Asst. to the Atty. Gen., and L. E. Lister, Sp. Atty., Department of Justice, both of Fort Smith, Ark., for plaintiff.

Joseph R. Brown, of Fort Smith, Ark., for defendants G. T. Cazort et al.

R. S. Wilson, of Van Buren, Ark., for intervenors.

MILLER, District Judge.

The petitioner, United States of America, on June 10, 1942, filed its petition for condemnation of certain tracts of land in Crawford County, Arkansas. Simultaneously a declaration of taking was filed and there was deposited in the registry of the court a sum of money estimated to be sufficient to pay the owners the fair market value of the lands sought to be condemned. The court on said date entered an order vesting title of the lands in the petitioner.

The intervenors, School Districts No. 38 and 52 of Crawford County, Arkansas, in due time filed their interventions, in which the intervenor, School District No. 38, claims to be the owner of a block of land consisting of one acre, together with the improvements thereon, in the Southeast Quarter of the Southeast Quarter of Section 14, Township 8 North, Range 31 West.

It is further alleged, "That on the 2nd day of June, 1942, a petition and plat were filed in the office of the County Supervisor of Education in the city of Van Buren, Crawford County, Arkansas, signed by a majority of the qualified electors of Haroldton School District No. 38 of Crawford County, Arkansas, praying that said District No. 38 be annexed to Leonardville School District No. 52 of Crawford County, Arkansas, and on the 8th day of June, 1942, the Board of School Directors of Leonardville School District No. 52 voted to accept Haroldton School District No. 38 if it should be annexed to District No. 52 by the County Board of Education, and that said petition is now pending before the County Board of Education for its action."

That School District No. 52 was created January 9, 1879, out of territory formerly embraced within the boundaries of School District No. 38; that if the petition of School District No. 38 is granted by the County Board of Education of Crawford County, Arkansas, that all of the property owned by said school district will pass to and become the property of the intervenor, School District No. 52.

The estate of G. T. Cazort, deceased, by R. E. Dent, as administrator, filed a response to the intervention and denies that the intervenor, School District No. 38, is the owner of the land and denies that the said school district is entitled to receive the money deposited in the registry of the court for the payment of the one-acre block and improvements thereon.

The issue presented by the intervention and the response thereto was tried by the court upon ore tenus testimony and stipulations filed by the parties, from which the court finds the facts as follows:

Benton J. Brown acquired title to the forty acre tract in which the one-acre tract is situated on October 1, 1877; on October 11, 1890, B. J. Brown conveyed the said forty-acre tract, along with other lands, to James A. Ferguson, excepting from said conveyance, however, "one-half acre for school house" in the Southeast Quarter of the Southeast Quarter of Section 14, Township 8 North, Range 31 West, and also granted the reversionary interest in said one-half acre; on December 23, 1890, J. D. Ferguson conveyed the land to Cazort Brothers, except "one-half acre conveyed for a schoolhouse" in the Southeast Quarter of the Southeast Quarter of said Section 14, "Also granting the reversionary interest in said lots as shown by the

records of said county"; on September 10, 1895, Cazort Brothers conveyed to G. T. Cazort a tract of land including the forty acres in which the school block is located and in said deed provided, "except one-half acre, lot conveyed for schoolhouse, also granting a reversionary interest in said lot"; on March 18, 1922, G. T. Cazort conveyed to C. M. Cazort, his wife, the tract of land, along with other lands, without any reservations and without granting any reversionary interest.

The intervenor, School District 38, has occupied a block in the Southeast Quarter of the Southeast Quarter of Section 14 for more than forty years and has maintained annually a school thereon. The tax records of Crawford County show that since 1883 a one-acre block has been set aside as school property and no taxes have been paid on the one-acre block since that time.

G. T. Cazort from time to time had advised the directors of the intervenor, School District 38, that the title to the one acre tract was vested in him and that the title would revert to him when the district ceased to use the property for school purposes.

At the time G. T. Cazort acquired title to the forty-acre tract of land in which the school property was located, the intervenor, School District 38, was maintaining a school on the property and had been conducting a school on the property since 1883.

No deed is of record conveying any land to intervenor, School District 38, and the testimony does not disclose when the said school district took possession of a one-acre block instead of the one-half acre block mentioned in the deeds. The said district has held possession of the one-acre block for more than seven years.

The intervenor, School District 38, embraces four full sections of land and parts of two other sections.

The petition for the annexation of intervenor, School District 38, to the intervenor, School District 52, was signed by a majority of the qualified electors of District 38 and was duly filed in the office of the County Supervisor of Education for Crawford County, Arkansas, on June 2, 1942. On June 8, 1942, the Board of Directors of the intervenor, School District 52, approved the proposed annexation and requested in writing that the County Board of Education of Crawford County, Arkansas, enter an order annexing the inter-venor, School District 38, to the intervenor, School District 52.

The petition for annexation of the intervenor, School District 38, was signed and filed under the provisions of paragraph b of Section 11 of Act 327 of the Acts of the General Assembly of Arkansas for the year 1941.

No one has ever disputed the right of the intervenor, School District 38, to occupy the block of one acre of land and to maintain a school thereon.

### Conclusions of Law.

██ Under the above facts it must be presumed that the intervenor, School District 38, acquired title to the property by deed. The possession of at least one-half acre has been open, peaceable, continuous and adverse for more than fifty years, and of the entire acre for more than seven years prior to the death of G. T. Cazort. It is shown that the legal title to this property in 1877 was vested in Benton J. Brown so that the title of the intervenor, School District 38, could have a "legal commencement".

█ In the case of United States v. Chaves, 159 U.S. 452–464, 16 S.Ct. 57, 62, 40 L.Ed. 215, the court said: "Without going at length into the subject, it may be safely said that by the weight of authority as well as the preponderance of opinion, it is the general rule of American law that a grant will be presumed upon proof of an adverse, exclusive, and uninterrupted possession for 20 years, and that such rule will be applied as a presumptio juris et de jure, wherever, by possibility, a right may be acquired in any manner known to the law."

See, also, Reed v. Money, 115 Ark. 1, 170 S.W. 478; Butler v. Johnson, 180 Ark. 156, 20 S.W.2d 639; Penny et al. v. Central Coal & Coke Co., 8 Cir., 138 F. 769.

█ The intervenor, School District 38, acquired a determinable fee which was to continue so long as the land was used for school purposes.

█ In 31 Corpus Juris Secundum, Estates, § 105, page 125, it is said: "A possibility of reverter, as distinguished from a reversion, arises on a grant so limited that it may last forever or may terminate on a contingency; it is the possibility of having the fee again which exists in a grantor after the grant of a determinable or qualified fee."

684

In such a case the whole title is in the grantee until the contingency happens, and the holder of a bare possibility of reverter does not possess a present vested interest or estate in the land. The contingency which would give him an interest or estate in the land may not occur.

In Restatement of the Law, Volume 1, page 187, Section 53b, it is said: "If viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time, is not probable, then the damages for a taking thereof by an eminent domain proceeding are ascertained as though the estate were a possessory estate in fee simple absolute and the entire amount thereof is awarded to the owners of the estate in fee simple defeasible. Under these circumstances a future interest has no ascertainable value. It is immaterial whether the event upon which the possessory estate in fee simple defeasible is to end is related to the use of the land in question or is unrelated thereto."

In the case of United States v. 1119.15 Acres of Land, Williamson County et al., D.C.E.D.Ill., 44 F.Supp. 449, 450, Judge Lindley collected and cited most of the authorities on the question. In his able opinion he stated: "Quite generally the authorities are to the same effect, namely, that if the event ripening the right of reverter is not imminent, the owner of the estate in fee simple defeasible is entitled to all of the compensation."

The authorities are quite generally agreed that if, at the time of the taking, the event upon which the property is to revert is imminent, and its occurrence within a reasonably short time is probable, the compensation is to be divided between the owner of the estate in fee simple defeasible and the owner of the future interest in accordance with their respective interests.

The intervenor, School District 38, at the time of the filing of the condemnation proceedings was, in effect, seeking dissolution. A majority of the qualified electors of the district had filed their petition with the proper authority for annexation under the statute, Act 327, supra, which provides that the County Board of Education may "Dissolve school districts, and annex the territory of such districts to another district."

The abandonment of the acre of land for school purposes was imminent and in all probability would have occurred within a short time, even though the condemnation proceeding had not been filed. In view of these facts, the applicable rule is stated in Volume 1, Restatement of the Law, Section 53c, page 188, as follows: "If, viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time, is probable, then the amount of damages is ascertained as though the estate were a possessory estate in fee simple absolute, and the damages, so ascertained, are divided between the owner of the estate in fee simple defeasible and the owner of the future interest in such shares as fairly represent the proportionate value of the present defeasible possessory estate and of the future interest. It is immaterial whether the event upon which the possessory estate in fee simple defeasible is to end is related to the use of the land in question or is unrelated thereto. No more definite rules for the division of the award between the owner of the estate in fee simple defeasible and the owner of the future interest have been established either by decision or by statute."

Tested by this rule, the award should be divided between the intervenor, School District 38, or its successor and the estate of G. T. Cazort, deceased, since the deed executed by G. T. Cazort did not convey to C. M. Cazort the possibility of reverter. 31 C.J.S., Estates, § 105b, page 126.

Counsel for the parties have not suggested any rule for the division of the award, but it appears equitable that so much of the award as represents the value of the land, exclusive of the school building, should be paid to the estate of G. T. Cazort, deceased, and the value of the building should be paid to the intervenor,

School District 38, or its successor, less the salvage value, if the said district elects to remove said building from the land.

Judgment in accordance with the above will be entered.