PINKERT *v.* POLK.

4-9722                247 S. W. 2d 19

Opinion delivered March 17, 1952.

*U. A. Gentry,* for appellant.

*E. R. Parham, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellees to quiet their title to a house and lot in the city of Little Rock. The appellees bought the property in 1923 and through a tenant had continuous possession for more than seven years immediately preceding the filing of this suit in 1951. The appellants' claim to the property rests upon a purchase from Sewer Improvement District No. 94. The sewer assessments for the years 1929 to 1933 were not paid, and in 1937 the district brought an action to foreclose its lien. The district bought the land at its foreclosure sale in 1938, and after the period of redemption had expired the district conveyed the property to the appellants' predecessor in title in 1943. On these facts the chancellor held that the appellees own the property.

The appellants' sole contention is that the appellees' possession from 1943 until 1951 was permissive rather than adverse. They rely upon the rule that a grantor who remains in possession after the delivery of his conveyance is presumed to hold in subordination to the grantee's title and must bring home to the grantee notice of a hostile claim. *Stuttgart* v. *John,* 85 Ark. 520, 109 S. W. 541. In other jurisdictions this rule has been applied also to a mortgagor who continues in possession after a foreclosure sale, and the appellants insist that it is equally applicable when the owner remains in possession after the foreclosure of an improvement district assessment.

234

To carry the rule that far would be to disregard the reason for its existence. When a grantor remains in possession after selling the property it is unlikely that he intends to set up an immediate hostile claim to the very title for which he has just accepted payment and which he may have warranted to be good. Hence the law presumes his possession to be permissive and puts on him the burden of affirmatively asserting an adverse claim. A wholly different situation is presented when a man's property is sold to an improvement district for nonpayment of a small tax. We have pointed out that the hostile character of possession depends upon the occupant's own views and intentions, not upon those of his adversary. *Trapnall* v. *Burton,* 24 Ark. 371, 395. In the case at bar Polk testified that he did not learn of the improvement district foreclosure until a year or two before this suit was filed. While we do not regard this fact as controlling, it does show how unreasonable it would be to presume a landowner to be holding in subservience to an outstanding title of which he might be entirely unaware. We have held that an owner's continued possession of land sold at a tax sale becomes adverse when the period of redemption expires. *McCrary* v. *Joyner,* 64 Ark. 547, 44 S. W. 79. That principle applies here, for the onus should be on the tax title purchaser to assert his claim before the bar of the statute has fallen.

Affirmed.