480 P.2d 847 (1970)
CITY OF IDAHO SPRINGS, a municipal corporation, Plaintiff in Error,
v.
GOLDEN SAVINGS AND LOAN ASSOCIATION, a Colorado corporation, Overturf's Park, Inc., a Colorado corporation, Frank Overturf, Ethel M. Overturf, Benjamin F. Tucker, as Public Trustee of Clear Creek County, Colorado, James B. Radetsky, and Ray A. Curran, Trustee, and all unknown persons who may claim any interest in the subject matter of this action, Defendants in Error.
No. 70-394. (Supreme Court No. 23814.)
Colorado Court of Appeals, Div. II.
December 22, 1970.
Rehearing Denied January 12, 1971.
Certiorari Denied March 1, 1971.
Calkins, Kramer, Grimshaw & Carpenter, William E. Dawn, Denver, William L. Jones, Idaho Springs, for plaintiff in error.
Ray A. Curran, Lakewood, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties are here in the same order as they appeared at trial and shall be referred to in the same manner or by name.
The City of Idaho Springs, a second-class city, filed the initial complaint in this *848 suit seeking to quiet title in itself to a certain tract of land located in Clear Creek County. Prior to this suit, the City had determined that a municipal swimming pool was necessary. However, it lacked the proper amount of funds to adequately construct and maintain such a pool. In 1955, the City, in accordance with C.R.S.1953, 139-32-2, had an election to determine whether to sell this particular tract of land to Frank Overturf by warranty deed, subject to the following provision:
"* * * provided, however, that the real property described herein, together with the improvements thereon, shall be used perpetually and solely for the purpose of-the-purpose (sic) of the operation of a swimming pool, which said restriction shall run with the land hereby conveyed and in the event of any breach thereof, said property shall forthwith revert to the said party of the first part, its successors and assigns."
The electorate authorized the sale and conveyance and the property was conveyed in accordance therewith.
Defendant Frank Overturf then conveyed the property to Overturf's Park, Inc., which in turn executed a deed of trust to defendant Golden Savings and Loan. Upon default in payment, Golden Savings and Loan foreclosed its deed of trust on the property and acquired a public trustee's deed in January of 1966.
The property was not being used as a swimming pool and, therefore, plaintiff filed suit to enforce the reversion clause contained in the deed, and to reaffirm its title to the property. Defendant Golden Savings and Loan Association answered, generally denying the validity of plaintiff's claimed interest, and affirmatively counter-claimed to quiet title in itself to the property in question.
An order of dismissal as to defendant Ray A. Curran, named as trustee in the initial suit, was entered upon Curran's disclaimer of interest in the property. As to the remaining defendants, Frank and Ethel Overturf, Benjamin Tucker, James Radetsky and Overturf's Park, Inc., an order for default was entered against them upon their failure to appear.
The issue as to the ownership of the title to the property in question was then joined between plaintiff, City of Idaho Springs, and defendant, Golden Savings and Loan Association.
After both sides presented evidence and rested, the trial court made its findings as follows:
(1) The City created a possibility of reverter to it when it conveyed the property to defendant Frank Overturf by warranty deed.
(2) The condition set forth in the deed was in fact breached by the failure of the defendant to operate a swimming pool on the property during the year 1966.
(3) The Statute of Limitations is inapplicable to the present case.
(4) The City does not have the power to create a possibility of reverter or future interest by deed.
(5) Although moot, the City would not be estopped from asserting its interest to the property.
The sole issue raised by this appeal is the question of whether or not a second-class city may convey property with a possibility of reverter.
Since the trial court based its decision upon C.R.S.1953, 139-32-2 (reenacted as C.R.S.1963, 139-32-2) as interpreted by Centennial Properties v. Littleton, 154 Colo. 191, 390 P.2d 471, a full discussion of this case is necessary.
In Centennial, supra, the City of Littleton executed a "warranty deed," conveying a certain tract of land to defendant, title to which would automatically revert to the City after ninety-nine years. Holding this "reversion" to be void, the Supreme Court noted that under the applicable statute, C.R.S.1953, 139-32-2, cities and towns (not home rule cities) had the power "* * * *849 to sell and dispose * * *" of real property, but did not have the power to lease property owned by the city. It further held that plaintiff could not convey real property and at the same time retain a present vested interest in the property. Accordingly, the present vested interest retained by the city was declared to be void and title was quieted in the grantee.
The question here, however, is whether a city may properly convey real property, yet retain a possibility of reverter to it. As defined in School District, etc. v. Russell, 156 Colo. 75, 396 P.2d 929, a possibility of reverter is merely the possibility that the land will come back to the grantor. Frank Overturf and his successors held a fee simple determinable estate, which would last as long as the land was used for the purpose specified in the conveying instrument.
The holder of a bare possibility of reverter does not have a present "vested" interest or "estate" in the land. United States v. 2,184.81 Acres of Land, 45 F.Supp. 681. This being so, the City upon delivery of its deed conveyed the entire legal title to the property in question.
The instrument here is in fact a warranty deed granting defendants a fee simple determinable estate in the property so long as it remains in use as a swimming pool. At the time of conveyance, the City of Idaho Springs parted with all present interest in the property, United States v. 2,184.81 Acres of Land, supra, retaining only the possibility of regaining title at some indefinite time in the future, if the specified condition under which the property was conveyed should cease to exist.
For this reason, we conclude that there was full compliance with the statute and that the possibility of reverter contained in the warranty deed was valid and enforceable. Judgment is reversed with directions to enter judgment quieting title in the plaintiff in accordance with this opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.