## DAVIS *v.* BEAUCHAMP.

### Opinion delivered June 12, 1911.

1. PLEADING—ANSWER—GENERAL DENIAL.—A general denial of the plaintiff's ownership in an ejectment suit is insufficient to raise an issue upon that point. (Page 406.)

2. EJECTMENT—DEFENSE.—One sued *in ejectment cannot set up by way of cross bill that plaintiff's grantor is indebted to her and that his deed to plaintiff was made for the purpose of avoiding this liability and to defraud and cheat her, as her claim against plaintiff's grantor would not entitle her to possession of the land.* (Page 406.)

3. SAME—DEFENSE.—A defendant in ejectment who has neither title to nor right to possession of the land can not question the *bona fides* of plaintiff who holds under a perfect record title. (Page 407.)

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; affirmed.

#### STATEMENT BY THE COURT.

On the 3d day of March, 1910, John L. Beauchamp instituted this action in the circuit court against Oscar Davis, Ella Davis and L. A. Beauchamp, to recover possession of a certain tract of land in Benton County, Arkansas. Oscar Davis and L. A. Beauchamp failed to file an answer.

Ella Davis filed an answer and cross complaint. She made a general denial of plaintiff's ownership and right of possession. In her cross complaint she alleges: "That the said William Davis used the body, mind and soul of this defendant for more than seventeen years, or so long as he could make financial gain, when, after the death of his wife, Eliza J. Davis, in collusion with his grandsons, John L. Beauchamp and Earl Beauchamp, he brought an action enjoining this defendant from occupying this, her home, and refused to support this defendant, although being fully able to do so, which action was dismissed for want of equity. That William Davis well knew and the plaintiff John L. Beauchamp well knew that his grandfather, William Davis, was under this liability and was owing to this defendant her support at the time he executed said deed and owed this defendant $300 and interest since the 14th day of December, 1895, money which her mother Eliza J. Davis received in her own right and loaned to William Davis, and which he had refused to pay to this defendant, although frequently requested to do so.

"Defendant, answering further, states that the plaintiff, John L. Beauchamp, having full knowledge of this liability and for the purpose of avoiding this liability and to defraud and cheat this defendant, entered into collusion with the said William Davis and accepted without consideration the deed set out in plaintiff's complaint."

The court denied her motion to transfer the cause to equity, and sustained a demurrer to her answer and cross complaint.

Leave was given her to amend, which she declined to do, and elected to stand upon her answer and cross complaint. Whereupon the court rendered judgment in favor of the plaintiff, and the defendant Ella Davis has duly prosecuted an appeal to this court.

*R. F. Forest,* for appellant. ·

1. The court erred in refusing to transfer the cause to equity. A defendant, when sued at law, must make all the defenses he has, both legal and equitable; and if any of them are exclusively cognizable in equity, he is entitled to a transfer to equity. Kirby's Dig. § 6098; 71 Ark. 484; 70 Ark. 505; 57 Ark. 500; 46 Ark. 272; 70 Ark. 157; 36 Ark. 228; 52 Ark. 411.

2. If any paragraph of appellant's answer and cross complaint was good, appellee's general demurrer should have been overruled. 32 Ark. 132; 29 Ark. 365; 37 Ark. 32; 72 Ark. 29.

3. From the pleadings it appears that defendant's title was based at least upon possession. By the demurrer it is admitted that Beauchamp is not the real party in interest. Kirby's Dig. § 5999. A plaintiff in ejectment must recover upon the strength of his own title, if at all, and not upon the weakness of his adversary's. 77 Ark. 244, 477; 76 Ark. 163.

*McGill & Lindsey,* for appellee.

1. A general denial as to ownership, right to possession, etc., in the answer did not raise an issue. 73 Ark. 221; 74 Ark. 417; 73 Ark. 8.

2. Ejectment may be maintained in all cases by one legally entitled to the possession. 31 Ark. 279; 41 Ark. 465.

3. An equitable defense in ejectment must be such an interest in the land or title thereto as gives the defendant the right to hold possession as against the plaintiff. 85 Ark. 25; 71 Ark. 484; *Id.* 150; 26 Ark. 54.

4. A conveyance made in fraud of creditors is good as to all persons except such creditors as avail themselves of their remedies for the collection of their debts out of the property conveyed. But a creditor has no right to the possession of the property unless he has become the purchaser thereof at a legal sale for the payment of debts. Bump, Fraud. Conv. (4 ed.), §§ 449-452; 8 Am. St. Rep. 587; 81 Ark. 73.

HART, J., (after stating the facts). The complaint specifically alleges that the plaintiff, John L. Beauchamp, derived title by virtue of a warranty deed executed to him, for a valuable consideration on the 10th day of March, 1909, by William Davis, which deed is duly recorded. That said William Davis derived title by warranty deed executed to him by C. D. Gunter on the 3d day of December, 1881. The first part of the answer contains a general denial of the ownership of the plaintiff; but this is not sufficient to raise an issue on that point. *Harvey* v. *Douglass,* 73 Ark. 221; *Pace* v. *Crandell,* 74 Ark. 417.

Moreover, a subsequent part of the answer admits the execution of the deed of William Davis to John L. Beauchamp, the plaintiff. In her answer and cross-complaint she alleges that William Davis owes her $300 which her mother in her life time had loaned him, and also that said William Davis owes her a sum for services. In regard to the first claim, we hold that she is concluded by the decision in the case of *Davis* v. *Davis,* 93 Ark. 93. In that suit William Davis sought to enjoin Ella Davis and the other defendants from trespassing on the land now in controversy. Ella Davis alleged that her mother, who had been the wife of William Davis, had loaned to him prior to her death $300 with which he had built a house on the lands now in controversy. The court held that Ella Davis acquired no right against the land by the paper writing handed her by her mother before her death, and that if she did there was no evidence that the sum named in it was used in the improvement of the land in question. Hence this matter is *res judicata.* In regard to her claim for compensation for services, the court held that it was entirely distinct and independent of the subject-matter of that suit, and could be litigated in an independent suit. According to that decision, she had the right to institute a suit against William Davis to recover the amount alleged to be due her by him for

services; and under section 6297 of Kirby's Digest she had a
right to sue to set aside an alleged fraudulent conveyance made
by William Davis before she recovered judgment against him.
If she succeeded in setting aside the conveyance on the ground
that it was made in fraud of her rights as a creditor, she would
have no title to the land, but only the right to subject it to the
payment of whatever judgment she might obtain against William
Davis, and in the meantime she would have no right to the pos-
session of the land. Therefore, having no title to or right to
possession of the land in controversy, she can not in this action
question the *bona fides* of the plaintiff, who holds under a perfect
record title. *Cooper* v. *Newton*, 68 Ark. 150.

In short, we hold that she has a right to sue William Davis
for whatever amount she may allege he is due her for services,
and may seek to set aside the conveyance made by him to the
plaintiff on the ground that it was made in fraud of her rights
as a creditor of William Davis, and, if she succeeds in her suit,
may have the land sold for the payment of her judgment; but
in the meantime she has no right to the possession of the land.

The judgment will therefore be affirmed.