ELDORA M. NEVELLS *vs.* MYRON CARTER et als.

Hancock.    Opinion December 11, 1922.

*One entering upon land claiming title, though under a parol grant only, and holds open, exclusive, adverse, and uninterrupted possession thereof for twenty years, acquires title.    An occupation of land under a parol gift from the owner is an occupation as of right.    Possession under a claim of title, with or without deed, is adverse.*

In the instant case the tenants must rest their claim of title upon an actual entry as of right, and adverse possession, inasmuch as a parol grant of real estate is ineffectual to change the ownership of the property.

If the jury believed the witnesses who testified in behalf of the tenants, they were warranted in finding a parol grant of the disputed premises in the year 1885 by Coleman Carter to his son Edbert, an entry by Edbert under such grant, the performance by the latter of the consideration for such grant, and the continued possession and control of said premises as of right, claiming title thereto for twenty years in the lifetime of Coleman.

Notwithstanding Edbert permitted his father and mother to live upon the place until Coleman's death in 1906, the jury was warranted in finding and must have found that from 1885 to his death in 1906, Coleman was the tenant of Edbert, and recognized the latter's claim as of right, to the place.

Coleman's possession was therefore Edbert's possession, and is available to the latter, and to his heirs, for the purpose of creating a prescriptive title in Edbert against Coleman, and his heirs other than Edbert, the period of twenty years having fully expired in the lifetime of Coleman.    Having once become Edbert's tenant, before Coleman could dispute the former's title he must have

at least repudiated the tenancy, and there is no evidence that from September or October, 1885 until his death in March, 1906, Coleman ever surrendered or disavowed his tenancy under Edbert or his occupancy under him.

On plaintiff's motion for new trial.    This is a real action to recover nineteen twenty-first parts of certain real estate to which demandant claims title as an heir of Coleman Carter, who died March 15, 1906, and as grantee of the widow and five heirs of said Carter.

The tenants, who are the widow and next of kin of Edbert E. Carter, the remaining heir of Coleman Carter, who died April 27, 1907, claim title by an oral grant of the demanded premises by Coleman to his son, Edbert, in the year of 1885, with the agreement and understanding that the son, Edbert, should make all needed repairs on the buildings on the premises, and rebuild them if necessary.    The defendants contended that Edbert entered into possession of the premises in the fall of 1885, and performed all agreements by him made by way of repairs and reconstruction, assumed the control and management of the farm, and continued that possession and control under claim of right until his death in 1907, and that such control and management has since been continued by his son, Myron.    The defendants pleaded the general issue, and under brief statements disclaimed liability for rents and profits, and also set up the statute of limitations, and laches on the part of the plaintiff.    The jury returned a verdict for the defendants and the plaintiff filed a general motion for a new trial.    Motion overruled.

The case is fully stated in the opinion.

*Howard M. Cook and Coggan & Coggan,* for plaintiff.

*Hale & Hamlin,* for defendants.

SITTING:  SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J.   Real action to recover nineteen twenty-first parts of certain real estate to which demandant claims title as an heir of Coleman Carter, who died March 15, 1906, and as grantee of the widow and five other heirs of said Carter.

The tenants are the widow and next of kin of Edbert E. Carter, the remaining heir of Coleman Carter, who died April 27, 1907.   They claim title by an oral grant of the demanded premises by Coleman to his son, Edbert, in the year 1885, in consideration that Edbert would make needed repairs and reconstruction of the buildings on the

premises; they contend that Edbert entered into possession in the fall of 1885, made the repairs and reconstruction as he had agreed to do, assumed the control and management of the farm at that time, and continued that possession and control under claim of right until his death in 1907, and that such possession and control has since been continued by his son, Myron.

Under instructions to which no exceptions were taken, the jury found for defendants, and the case is before us upon a general motion for a new trial.

It must be considered as settled law that where one enters upon land claiming title, though under a parol grant only, and holds open, exclusive, adverse, and uninterrupted possession thereof for twenty years, he thereby acquires title. *Sumner* v. *Stevens,* 6 Met., 337. *Webster* v. *Holland,* 58 Maine, 168, 169. *Jewett* v. *Hussey,* 70 Maine, 433, 436. *Shirley* v. *Lancaster,* 6 Allen, 31, 32. An occupation of land under a parol gift from the owner is an occupation as of right. *Stearns* v. *Janes,* 12 Allen, 582, 584. Possession under a claim of title, with or without deed, is adverse. *Ashley* v. *Ashley,* 4 Gray, 197, 200.

The principle is thus stated by Chief Justice Shaw in *Sumner* v. *Stevens,* supra, and we here quote his language because the quotation in *Jewett* v. *Hussey,* supra, contains typographical errors which confuse the meaning:

"A grant, sale or gift of land by parol is void by the statute. But when accompanied by an actual entry and possession, it manifests the intent of the donee to enter and take as owner, and not as tenant; and it equally proves an admission on the part of the donor, that the possession is so taken. Such a possession is adverse. It would be the same if the grantee should enter under a deed not executed conformably to the statute, but which the parties, by mistake, believe good. The possession of such grantee or donee cannot, in strictness, be said to be held in subordination to the title of the legal owner; but the possession is taken by the donee, as owner, and because he claims to be owner; and the grantor or donor admits that he is owner, and yields the possession because he is owner. He may reclaim and reassert his title, because he has not conveyed his estate according to law, and thus regain the possession; but until he does this, by entry or action, the possession is adverse. Such adverse possession, continued twenty years, takes away the owner's right of entry."

It is thus clear that a parol grant of real estate is ineffectual to change the ownership of the property; the tenants must rest then their claim of title upon an actual entry as of right, and adverse possession. The evidence in relation to the grant is immaterial, except as it bears on the character of Edbert's occupation. The testimony as to his subsequent acts and the acts of the present tenants must be examined to determine whether they constitute actual, open, exclusive, and adverse possession of the real estate by Edbert and his widow and heirs for twenty years or more. *Duff* v. *Leary*, 146 Mass., 533, 540.

If the jury believed the witnesses who testified in behalf of the tenants, they were clearly warranted in finding that in the year 1885 Coleman Carter made a parol grant of the disputed premises to his son, Edbert, upon Edbert's agreement to make necessary repairs and reconstruction of the buildings; that Edbert in September and October of that year assumed possession and control of the property, and made the promised repairs and reconstruction of the buildings, expending approximately as much as the property without the buildings was worth; that he continued in control and possession of the demanded premises until his death in 1907, notwithstanding his business and residence was in Cambridge,' Mass.; that his family spent their summers there, and that Edbert paid the taxes and furnished any money needed on the place; that in June, 1904, he sent his son, Myron, to live on the place and that since the death of Edbert in 1907 Myron has occupied the place and had actual possession thereof for the present tenants.

But it is urged that upon this theory Edbert permitted his father and mother to live on the place until Coleman's death in 1906, thus, it is said, constituting the owner "the agent for the disseizor in thus acquiring title against himself by adverse possession." We think, however, that the jury was warranted· in finding that at all times after 1885 Coleman Carter recognized Edbert's claim of right and possession, and occupied in subordination to it. The statements of Coleman Carter, to the effect that,—"The place belongs to Bert and Annie"—"Bert owns the place"—"I am glad I gave Bert my place,"—"I hope that I shall never be sorry that I gave Bert my place," and his statement that he could not give security for an old debt because he had transferred his property to his son,—were competent evidence as bearing upon the question of adverse posses-

sion in Edbert under a claim of right. They tended to establish such adverse possession with the knowledge of Coleman, to whom knowledge must be brought home, (*Motte* v. *Alger*, 15 Gray, 322, 325) and to show his acquiescence in such adverse claim. *Stearns* v. *Hendersass*, 9 Cush., 497, 503. The jury were warranted in finding and must have found that from 1885 to his death in 1906 Coleman was the tenant of Edbert, and recognized the latter's claim as of right, to the place. Coleman's possession was therefore Edbert's possession, and is available to the latter, and to his heirs, for the purpose of creating a prescriptive title in Edbert against Coleman, and his heirs other than Edbert, the period of twenty years having fully expired in the lifetime of Coleman. *Cobb* v. *Robertson*, 9 Tex., 138; 122 Am. St., 609. Having once become Edbert's tenant, before Coleman could dispute the former's title he must have at least repudiated the tenancy. *Davis* v. *Williams*, 130 Ala., 530; 30 So., 488; 89 Am. St., 55. Note pages 73, 87. *Carson* v. *Broady*, 56 Neb., 648; 71 Am. St., 691; *Saunders* v. *Moore*, 14 Bush, (Ky.), 97, 100; in some states it is held that he must first surrender the premises, or there must be an eviction or something equivalent thereto, and such has been recognized in this state as the law. *Ryder* v. *Mansell*, 66 Maine, 167, 170. There is no evidence that from September or October 1885 until his death in March 1906 Coleman ever surrendered or disavowed his tenancy under Edbert or his occupancy under him. Although Edbert's claim was equitable under an oral grant, of which the consideration was fully performed by him, it thus ripened into a legal title before Coleman's death. *Wheeler* v. *Laird*, 147 Mass., 421.

*Motion overruled.*