MᴄNᴇᴇʟʏ *v.* Bᴀʟʟᴀʀᴅ.

4-9794                                   249 S. W. 2d 567

Opinion delivered June 9, 1952.

*D. K. Hawthorne* and *Gannaway & Gannaway,* for appellant.

*Byron Bogard,* for appellee.

Gʀɪꜰꜰɪɴ Sᴍɪᴛʜ, Chief Justice. Appellee successfully established title by adverse possession to a strip of land approximately eight feet wide adjoining the boundary of appellant's property. This appeal challenges a portion of the decree, under which appellee confirmed her right to a uniform strip of such width, it being urged that the proof failed to support actual claim to part of the property.

Appellee's deed was recorded in 1926 after two years possession under a contract to purchase. The description included the south half of Lot 8 and 13 feet off the north side of Lot 7, Block 18, East Argenta, North Little Rock. The disputed strip, which appellee was found to have adversely claimed since 1924, is the north 8 feet of the south 37 feet of Lot 7, Block 18.

A fence had been built along the line which the Chancellor found to be the boundary, and this fence was in existence at the time appellee purchased. However, the fence was partial only, and did not extend far enough to completely separate the respective properties. Outside toilets adjoined each side of the fence.

The chancellor awarded appellee the entire strip, extending the line on which the fence stood, in the same manner as would have been the case if the fence had been completed.

Appellee testified that at the time of purchase she accompanied the vendor to the property and inspected it. At this time the vendor (prior owner of both properties), agreed that the boundary would coincide with the fence line. Appellee took possession and said she utilized the property under the belief that the fence line was the true boundary. She cut the grass on the now disputed strip, repaired the fence, and built a tenant house which extended slightly over the true line onto the disputed strip. Appellee stated that she frequently announced to appellants that the fence line was the boundary. It was stipulated that appellee ran a water and sewer line through the strip and maintained it for a period in excess of the time required to establish adverse possession.

Appellants denied that any claim of ownership had ever been expressed by appellee and insist that use of the strip was permissive.

Appellants do not challenge the adequacy of evidence supporting the chancellor's finding insofar as property physically separated by the fence is concerned, but claim the finding is not supported by evidence as to the remainder.

The chancellor must have accepted the version offered by appellee—that she and the original vendor, agreed on a boundary at the time of purchase and in effect extended the line on which the fence stood.

Viewed in this manner, it was inconsequential whether the deed accurately described the property occupied. Claim of ownership, even under a mistaken belief, is nonetheless adverse and ripens into title after lapse of sufficient time.

Appellee's testimony as to the agreement with the original vendor, though because of her status as an interested party it cannot be deemed undisputed, is still sufficiently convincing to justify us in holding that the chancellor's finding is not against a preponderance of the evidence.

Affirmed.