Burns *v.* Mims.

5-620                                                     276 S. W. 2d 76

Opinion delivered March 14, 1955.

*Philip McNeimer,* for appellant.

*Frank H. Cox,* for appellee.

George Rose Smith, J. The appellee, alleging adverse possession for fourteen years, brought suit to quiet his title to certain land near Little Rock. The appellant, who has record title to the three lots involved on this appeal, disputes the fact of adverse possession. The decree was for the plaintiff.

The record supports the chancellor's conclusion. In 1940 the appellee, with color of title to only part of the tract, took possession of what had been platted as six

contiguous blocks in Interurban Heights Addition. Each block is 100 yards square; the six blocks, with intervening streets that were dedicated but not opened, form a rectangle about 300 yards long and 200 yards wide. The appellee testified that in 1940 he enclosed the land with a fence and built a house on the property. His testimony, corroborated by several other witnesses, is that this fence, which had a gate for entrance, was maintained from 1940 to the time suit was filed in 1954. During that period the appellee put up six barns, used the land as a pasture from time to time, and in other ways exercised the privileges of ownership.

The appellant offered very little testimony to rebut the appellee's persuasive proof of adverse possession. It is the appellant's principal contention that neither the fence nor the improvements touched the three lots to which the appellant has paper title. This is true. It happens that the three lots claimed by the appellant lie near the center of the tract; the perimeter fence at its closest point is about 150 feet north of the lots in dispute. This circumstance, however, does not refute the plaintiff's claim. Hostility of possession is to be judged by the views and intentions of the person occupying the property, not by those of the landowner whose title is being extinguished. *Trapnall* v. *Burton*, 24 Ark. 371, 395. It was enough for the appellee to erect a single fence encircling the entire tract; he was not required to subdivide his claim by the construction of cross fences conforming to the record ownership of the interior lots. The appellant was put on notice of the hostile claim by the fact that his access to his lots was obstructed from every direction.

It is also argued that in 1947 or 1948 the appellee recognized the appellant's title. The proof is that when the appellee first learned that the appellant had paid taxes on the three lots and had obtained an abstract of title thereto, the appellee had his attorney offer to refund the taxes and to buy the abstract. Mims explains that he himself did not have an abstract. Whether this offer

was declined or merely ignored is not clear. But in any event the proposal was not a clear-cut recognition of an outstanding title, as was true in the various decisions involving attempts to purchase another's title. Mims merely volunteered to reimburse Burns for expenditures that would have benefited Mims had he made them in the first place. The tender included no additional sum that could be regarded as a payment for whatever the appellant's claim of title might be worth. Even if the offer was made before the appellee's possession had ripened into title, and we are not convinced that it was, the running of the statute would not necessarily have been interrupted. Such conduct would be at most a circumstance to be weighed with the rest of the proof, and it is insufficient to overcome that proof.

Affirmed.