ARKANSAS COMMEMORATIVE COMMISSION *v.* CITY OF LITTLE ROCK.

5-1353                    303 S. W. 2d 569

Opinion delivered July 1, 1957.

*Bruce Bennett*, Atty. Genl.; *John T. Haskins*, Asst. Atty. Genl., for appellant.

*O. D. Longstreth, Jr.*, City Atty.; *Joseph C. Kemp*, Asst. City Atty., for appellee.

Ed. F. McFaddin, Associate Justice. The Arkansas Commemorative Commission[1] (hereinafter called "Appellant") filed this suit against the City of Little Rock, and claimed that the appellant had acquired *by adverse possession* a portion of Water Street in Little Rock. From a decree of the Chancery Court refusing such claim of adverse possession, the appellant brings this appeal, and claims that the preponderance of the evidence requires a reversal.

The Old State House[2] in Little Rock occupies the area that is bounded by Markham Street on the south, Ashley Street on the east, Water Street on the north, and Conway Street on the west. In constructing its Riverfront Drive the City of Little Rock (hereinafter called "City") proposed to use a portion of Water Street. In about 1952 a fence was erected around the Old State House property, and this fence encroached into Water Street a distance of several feet. When the City proposed to remove that portion of the fence which so encroached into Water Street, the appellant filed this suit.

The City denied the fact of adverse possession and also claimed that adverse possession could not run against the City. The testimony showed that north of the Old State House the land slopes down sharply to the Arkansas River; and a number of years ago (about 1888) a wall was constructed to prevent the erosion of the soil. This wall (near or on which the 1952 fence was built) encroached on Water Street; and appellant claims that the construction of such wall constituted the

[1] The Arkansas Commemorative Commission was created by Act No. 256 of 1947 (see § 8-201 *et seq.* Ark. Stats.); and among other duties the Commission is charged with the responsibility of preserving the Old State House in Little Rock.

[2] By Act No. 81 of 1951 the building was officially designated as "the Old State House". (See § 8-301 Ark. Stats.)

beginning of adverse possession. The Chancellor, in deciding the case on the question of adverse possession, rendered an opinion which is so clear that we copy and adopt excerpts from it:

"*The Petitioner Failed To Prove Adverse Possession.* Assuming that the petitioner in this case could legally obtain title to the lands in question by adverse possession, there is absolutely no proof in the record to sustain such.

"To be adverse, possession of land must be actual, open, continuous, hostile, exclusive and be accompanied with an intent to hold adversely to the true owner. (*Watson* v. *Hardin,* 97 Ark. 33). There is no evidence in the record of this case to establish that the possession, if any, by the petitioner of the lands in question meets the requirements set out above. Instead, it appears that any possession or occupancy of said lands on the part of the petitioner was purely permissive by the City of Little Rock and the general public.

"It is true that witnesses testified that a wall had been built on part of the land in the late 1800's and rebuilt and rerouted in 1930, but there was no evidence that such wall was built by the petitioner or anyone else with intent to claim said portion of Water Street adversely from the City of Little Rock and the general public. Not a single member of the Arkansas Commemorative Commission testified in this hearing. Further, not a single witness who testified on behalf of the petitioner was able to state that there was ever any intent on the part of the petitioner (or anyone else) to claim this street adversely and to claim such as a part of the grounds of the Old State House Square.

"To the contrary, the testimony of the petitioner's witnesses was to the effect that the first wall was built by the Engineers' Club of the City of Little Rock and other civic-minded organizations to prevent erosion. There was undisputed testimony that the rebuilding and relocating of the wall encroaching on Water Street in

1930 was done by the City of Little Rock, the Marion Hotel, and the Big Rock Stone & Material Company without any intent to divert the use of Water Street to a purpose foreign to that of a street.

The circumstances under which the petitioner allegedly took possession are not shown; however, it appears that it was because the City did not need the street at that time or lacked sufficient funds to open it up. But, be that as it may, in the absence of any contract or Legislative recognition of a higher right, it will be presumed that such use and occupation by the petitioner were by sufferance merely and without any intent on the part of the Arkansas Commemorative Commission (or anyone else) to appropriate the land to itself. Now a permissive possession, however exclusive and however long in point of fact it may be endured, could never ripen into a title against anybody; for it is not considered as the possession of a precarious occupier but of him upon whose pleasure its continuance depended.

"The whole doctrine of title by adverse possession rests upon the acquiescence of the owner in the hostile acts and claims of the person in possession. Hence, possession, to be adverse, must be in hostility to, and not in subserviency to, the rights of the true owner. (*Pulaski County* v. *The State,* 42 Ark. 118.) . . .

"Thus, there is a complete lack of proof of adverse possession, . . ."

From a careful study of the record, we are unable to say that the Chancellor's finding of facts is against the preponderance of the evidence. We forego any discussion of (a) when public streets could have been acquired by adverse possession; or (b) whether a state agency can ever acquire title by adverse possession against a city. We rest our decision in this case on the points: (a) that the Chancellor held that there was no evidence to show that the erection of the wall over a portion of Water Street was for the purpose of starting ad-

verse possession; and (b) that we cannot say such finding of fact was against the preponderance of the evidence.

The decree is affirmed.