24278. SERRITT v. JOHNSON et al.

Submitted September 12, 1967—Decided September 21, 1967.

*John D. Edge,* for appellant.

*Chance, Maddox & Collins, Robert L. Collins, Jr.,* for appellees.

Mobley, Justice. In an ejectment action by Mack D. Serritt against Billy J. Johnson and Melvie Johnson, the trial judge, hearing the case by stipulation of the parties without a jury, found that the defendants and their predecessors in title had been in actual adverse possession of the land for more than twenty years; that the plaintiff and his predecessors in title had made no claim to the property for a number of years while extensive improvements had been made on the premises; and that it could not be determined by the court from the oral and documentary evidence that the land in dispute was ever specifically included in any conveyance to the plaintiff or his predecessors in title. Judgment was entered decreeing title in the defendants, and fixing the land lines as contended by the defendants. The plaintiff appealed from this judgment.

The appellant contends in his enumeration of errors: "1. That the trial court erred in entering up the judgment in favor of the appellee. . . 2. That the trial court wrongfully considered hearsay testimony which was rejected by the court. 3. That the judgment of the court was contrary to the law and facts in the said case. 4. That the court ignored the return of processioners in said case. 5. That the evidence in said case did not demand or authorize a judgment in favor of the appellee."

The appellant claims title to the property in dispute under a deed dated February 1, 1953, from S. L. Owen. This deed describes the property conveyed by district and section of Gordon County, and gives the number of acres as 153, "more or less," in numbered lots. It identifies the property as "being known as the Home Place of the grantor," and gives the names of the persons owning property adjoining the tract. The appellant contends that this description covers the one-half acre tract in controversy deeds by Dallas Sutherland to the appellees on October 30, 1965.

The appellees were unable to produce deeds placing the written title to the one-half acre tract in Mrs. Salena M. Fortenberry, whose heirs are grantors in the first deed in their chain of title, which deed is dated September 22, 1944. The trial judge was authorized to find from the evidence that: Thomas M. Owen at one time owned the property claimed by both parties. Prior to the date he sold the property now owned by the appellant, he sold the one-half acre tract claimed by the appellees to Nevada and Ann Owens (formerly Ann Owen, sister of Thomas M. Owen), and received a consideration for it. Nevada and Ann Owens built a house on the one-half acre, and occupied this house during the remainder of their lives. Mrs. Salena M. Fortenberry was a daughter of Nevada and Ann Owens, and she was in possession of this property after the death of her parents. This one-half acre was not considered as a part of the "Home Place" of S. L. Owen.

The evidence clearly shows that the appellees and their predecessors in title have been in actual adverse possession of the property claimed by them for more than twenty years, and have made valuable improvements on the property. Their title has

not been challenged by any of the predecessors in title of the appellant. The possession of the appellees and their predecessors in title is not questioned by the appellant, but it is contended that this possession originated in permissive possession, which can not be the foundation of prescription. *Code* § 85-402. The evidence does not show permissive possession as the foundation of the prescriptive title of the appellees, but a claim of right under an equitable title based on an oral contract of sale, the payment of a valuable consideration, and the erection of valuable improvements. *Paramore v. Persons,* 57 Ga. 473.

The return of the processioners introduced in evidence by the appellant, dated September 5, 1966, showed the property line between the appellants and the "Dallas Sutherland Property." The application for processioning was dated August 22, 1966. The deed from Dallas Sutherland to the appellees is dated October 30, 1965. It does not appear, therefore, that the return of the processioners was germane to the boundary dispute between the present parties.

Under all of the evidence the judge was authorized to find in favor of the appellees as to the ownership of the property, and that the boundary line asserted by the appellees was the correct line between the properties of the parties.

*Judgment affirmed. All the Justices concur.*