CHESTER L. MORGAN ET AL V. PAUL DOWNS

5-4688                                          432 S.W. 2d 454

Opinion Delivered October 14, 1968

*Sullivan & Causbie* for appellant.

*Murphy & Arnold* and *H. David Blair* for appellee.

GEORGE ROSE SMITH, Justice. This suit was brought by the appellants, Chester and Lorene Morgan, to quiet their title to a 440-acre tract of land in Sharp county. The defendant, Paul Downs, asserted title to the land by adverse possession. The chancellor entered a decree for the defendant upon a finding that the plaintiffs had failed to prove their title by a preponderance of the evidence.

From the abstracts and briefs we are unable to say with confidence that the chancellor was right in holding that the Morgans failed to prove their record title. It it our rule, however, that on trial *de novo* a chancery decree will be affirmed if it appears to be correct upon the record as a whole, even though the chancellor may have given the wrong reason for his conclusion. *Culberhouse* v. *Hawthorne,* 107 Ark. 462, 156 S.W. 421 (1913). Under that rule the decree must be affirmed, because the appellee's proof established his title by adverse possession. Although it is true, as the appellants insist, that Downs did not prove color of title to the entire 440 acres, that fact is immaterial if he established

his actual adverse possession of the property for a period of seven years or more. *Ferguson* v. *Peden,* 33 Ark. 150 (1878). Where there is actual physical possession of the property for the statutory period, color of title is not required for the investiture of title.

Chester Morgan admitted on the witness stand that he had not had possession of the land in any way; so the question is whether Downs's proof sufficiently established his claim of title by adverse possession. We are convinced by our study of the record that he met that burden of proof.

During the pivotal years the tract was, according to the weight of the testimony, completely enclosed, mainly by a fence and to some extent by a bluff that served the same purpose as a fence. Several of Downs's employees—Vernon Coggin, Truman Wiles, Claud Turner, Herbert Wilson, and Verl Chism—testified that the fence around the land had been maintained for from seven to fifteen years preceding the lawsuit. Three of those witnesses—Turner, Wilson, and Chism—testified that they had "ridden" the fence for more than seven years, checking upon its condition every week or two and making repairs as they were needed. There is some proof to the contrary, but the testimony of Downs's witnesses on this point is decidedly more convincing than that of the Morgans.

Downs, in addition to keeping the land enclosed, used it for pasturing cattle. Coggin, Wiles, Turner, Wilson, Horace Phelps, and Earl Estes all testified that the tract had been used by Downs for many years as a pasture for his cattle. Turner and Wilson both stated that Downs had kept about 125 head of cattle on the land. There was also proof that Downs had caused timber to be cut from the land from time to time.

To sum up, Downs offered the testimony of no fewer than ten witnesses, including the father of the plaintiff Chester Morgan, on the issue of adverse pos-

session. That convincing array of witnesses was opposed by only three persons who testified for the Morgans. One of those three was Chester Morgan himself; another was his father-in-law. Although the chancellor did not find it necessary to determine the issue of adverse possession, we are convinced by the record that the appellee is entitled to prevail on that question alone, without regard to the appellants' proof of title.

The appellants also argued that part of the land enclosed by Downs's fence was owned by other persons and was in turn enclosed by inner cross-fences. Even so, Downs's fence put the Morgans on notice of his histile occupancy. *Burns* v. *Mims*, 224 Ark. 776, 276 S.W. 2d 76 (1955).

Affirmed.

BYRD, J., not participating.

JONES, J., dissents.