Ed BARCLAY et ux *v.* Matt TUSSEY et ux

75-248                                                    532 S.W. 2d 193

Opinion delivered February 9, 1976

*Dodds, Kidd & Ryan,* by: *Donald S. Ryan,* for appellants.

*Hardin & Rickard,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellants seek reversal of a judgment in an ejectment suit brought by appellees. Appellants assert two points for reversal, the first of which we find to be without merit. On the second, we find merit and reverse.

The first point is based upon appellees' failure to comply with the requirement that a plaintiff in ejectment must rely upon the strength of his own title and not the weakness of that of his adversary. In their complaint, appellees merely alleged that they had title by virtue of a deed which they exhibited. Appellants raised no objection to this pleading but filed an answer in which they incorporated a separate general denial of each paragraph of the complaint and an affirmative defense in which they asserted that they were the owners of the lands involved either by deed or by adverse possession for more than 15 years. No objection was made to appellees' pleading or deraignment of title prior to trial.

Matt Tussey testified that he purchased the 11-acre tract he claimed from Irene Kelly Lewis and that it had previously been owned by Lovie Harris. He knew when he purchased the property that appellant Ed Barclay claimed a tract lying within the boundaries of the land purchased from Ms. Lewis, and that Barclay was using a substantial part of the tract.

Tussey had observed a garden and a chicken house thereon and saw some fences on the boundaries. Tussey immediately notified Barclay that some written agreement would have to be made for Barclay's continued use of this tract, because Tussey had the legal title.

At the conclusion of Tussey's testimony, appellants moved for a directed verdict because appellees had failed to deraign title from the United States or from a common owner. The circuit judge denied the motion for directed verdict, and then agreed with appellants' attorney that they had the burden of proving adverse possession. This motion for directed verdict was renewed at the conclusion of all the evidence. Appellants now argue that the circuit court erred in denying the motion for directed verdict.

We agree with appellants that appellees must rely upon the strength of their own title, but the objection came too late. A general denial of a complaint in ejectment in which the plaintiff alleges that he derived title by a specifically described warranty deed is insufficient to raise any issue as to plaintiffs' title. *Davis* v. *Beauchamp,* 99 Ark. 404, 138 S.W. 636. Going to trial without any objection to the plaintiffs' failure to deraign title constituted a waiver of that requirement that justified the circuit judge's holding on the first motion for directed verdict that appellees were entitled to prevail on the record title, unless, of course, appellants could show that appellees' grantors did not have title or establish their rights by adverse possession. *Gingles* v. *Rogers,* 206 Ark. 915, 175 S.W. 2d 192. For the same reason, there was no error in denying the motion at the conclusion of all the evidence.

Appellants' second point for reversal is the contention that the circuit judge, sitting without a jury, erred in finding that their possession was permissive and could not ripen into adverse possession because it was commenced after an attempt to contract for the property with a prior owner without any agreement having been reduced to writing. We do not agree with appellees that appellants' pleading barred them from claiming title by adverse possession. This is not a case where appellants were claiming title by virtue of a deed and then attempted to assert title adversely to that deed or

the grantor as was the case in *Vanndale Special School District* v. *Feltner*, 210 Ark. 743, 197 S.W. 2d 731, relied upon by appellees. Although appellants pleaded alternatively in asserting affirmative defenses, no deed was exhibited with the complaint and none introduced. The statement of appellants' attorney and of the trial judge when appellants' motion for directed verdict was first made showed clearly that appellees were relying upon adverse possession.

Ed Barclay testified that he had used at least part of the disputed tract since 1948. He said that he went into possession pursuant to a swap of tracts he made with Lovie Harris, but, in spite of the intention of both parties to evidence the transaction by deed, they never did. On rebuttal, Matt Tussey testified that Mr. Barclay told him of this trade when Tussey confronted Barclay about continued possession of the disputed tract. This belies Tussey's claim that Barclay did not assert an adverse claim to the property until Barclay, after consulting his attorney, had declined to sign a lease as requested by Tussey. Tussey said that Barclay then said that his attorney had told him that Tussey could not put Barclay off.

It was not necessary that the Barclays have color of title in order to establish adverse possession. *Morgan* v. *Downs*, 245 Ark. 328, 432 S.W. 2d 454. For possession to be adverse, as distinguished from permissive, it is only necessary that it be hostile in the sense that it is under a claim of right, title or ownership as distinguished from possession in conformity with, recognition of, or subservience to, the superior right of the owner, which is permissive. See *Smart* v. *Murphy*, 200 Ark. 406, 139 S.W. 2d 33; *Martin* v. *Winston*, 209 Ark. 464, 190 S.W. 2d 962; *Stricker* v. *Britt*, 203 Ark. 197, 157 S.W. 2d 18; *Arkansas Commemorative Commission* v. *City of Little Rock*, 227 Ark. 1085, 303 S.W. 2d 569; *Hull* v. *Hull*, 212 Ark. 808, 205 S.W. 2d 211. The oft-repeated statement that adverse possession is a possession commenced in wrong but maintained in right, does not mean that the possessor must commence his possession with an intentional wrong, for the doctrine of adverse possession is intended to protect one who honestly enters into possession of land in the belief that the land is his own. *McAllister* v. *Harzell*, 60 Ohio St. 69, 53 N.E. 715 (1899);

*Landers* v. *Thompson,* 356 Mo. 1169, 205 S.W. 2d 544 (1947). As a matter of fact, it has sometimes been said that title by adverse possession for a long period rests upon a presumed grant or conveyance or may give rise to a presumption that there was such a deed or grant. 3 Am. Jur. 2d 81, Adverse Possession, § 3; *Butler* v. *Johnson,* 180 Ark. 156, 20 S.W. 2d 639. See also, *Koonce* v. *Woods,* 211 Ark. 440, 201 S.W. 2d 748; *Carter* v. *Goodson,* 114 Ark. 62, 169 S.W. 806; *State* v. *Taylor,* 135 Ark. 232, 205 S.W. 104; *Reed* v. *Money,* 115 Ark. 1, 170 Ark. 478. The only evidence shows that appellants entered into possession claiming a right based upon an oral swap of lands with one purporting to be the true owner and referred to in the proceedings as a prior owner of the disputed tract.

It is of no consequence that the contract may not have been enforceable because of the statute of frauds. It is important that the only evidence clearly shows that appellants entered into possession of the disputed tract under a claim of right by reason of the swap. Claim of ownership, even under a mistaken belief, is nevertheless adverse. *McNeely* v. *Ballard,* 220 Ark. 736, 249 S.W. 2d 567. Entry by one claiming title under a parol grant or exchange is adverse and not permissive, and evidence as to the grant is immaterial except as it bears on the character of the entry and occupation of the possessor. *Elam* ·. *Alexander,* 174 Ky. 39, 191 S.W. 666 (1917); *Nevells* v. *Carter,* 122 Me. 81, 119 A. 62 (1922); *Mitchell* v. *Chicago, B & Q Ry. Co.,* 265 Ill. 300, 106 N.E. 833 (1914); *Parrish* v. *Minturn,* 234 Or. 475, 382 P. 2d 861 (1963); *Serritt* v. *Johnson,* 223 Ga. 620, 157 S.E. 2d 484 (1967); *Southern Reynolds County School Dist.* v. *Callahan,* 313 S.W. 2d 35 (Mo., 1958). It has been aptly said that although an entry under such a grant is permissive and friendly in the popular sense, it is nonetheless hostile and adverse to the paper title in the legal sense, because there is an assertion of ownership in the occupant. *Harrelson* v. *Reaves,* 219 S.C. 394, 65 S.E. 2d 478, 43 ALR 2d 1 (1951).

Since there was no evidence to support the finding that appellants' possession was permissive in its inception, we must set aside the trial court's finding in this respect.

The judgment is reversed and the cause remanded.