**TALLWOOD LAND & DEVELOP-
MENT CO.**

v.

**George Henry BOTKA et al.**

Supreme Judicial Court of Maine.

March 1, 1976.

Harold J. Shapiro, Peter N. Gardner,
Gardiner, for plaintiff.

Southard, Hunt & Hebert by Frank E. Southard, Jr., Kenneth A. Cobb, Charles Moreshead, Joseph B. Campbell, Augusta, James Fitzpatrick, Portsmouth, N. H., for defendants.

Before DuFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

This is an appeal from the final judgment of the Superior Court in Kennebec County granting certain of the defendants'[1] motions for summary judgment under M.R.C.P., Rule 56. The plaintiff had brought an action to obtain possession of certain real estate called Sherb's Island in Maranacook Lake in Winthrop, Maine held by the defendants under claim of title. Plaintiff claimed record title in fee simple absolute in the land, which, depending on the water level, may at times not be an island, but a small peninsula extending from plaintiff's land into Maranacook Lake.

On the basis of the pleadings, answers to interrogatories, admissions, affidavits and offers of proof before the Court at the time summary judgment was granted the following facts emerge: The plaintiff's chain of title began in 1769 with the King's grant to Robert Waugh of Lot No. 98, containing about 200 acres, in what is now Winthrop, Maine. In 1800, Robert Waugh conveyed the entire lot to Samuel and George Waugh. George later conveyed his share of the lot to Samuel who conveyed the entire property to Nancy and Benjamin Cushman in 1834, who in turn conveyed it to Samuel Chandler in 1839.

Up to this point, the disputed real estate had been conveyed as a matter of course from grantor to grantee as a part of that property originally granted to Robert Waugh in 1769. Shortly after being seized of the land, however, Samuel Chandler conveyed the premises known as the "Waugh Farm" to Joel Howard by a deed that contained the words ". . . excepting the island called Pine Island containing from eight to ten acres which I the said Chandler reserve to myself." The identity of the reserved property is the heart of the present dispute. Whatever land Chandler reserved for himself he apparently conveyed to Ephraim Wood in 1843 by a deed which conveys an island, ". . . being all the land which I purchased of said Cushman called the Waugh Farm not conveyed by me to Joel Howard." From Chandler's reservation and subsequent conveyance to Wood of a presently unidentified island, defendants claim their chain of title. In 1888, the inventory of the estate of one Sherburn Morrill lists a "Waugh Island, so called". Defendants argue that Wood must have conveyed "Pine Island" to Morrill in an unrecorded deed sometime before the latter's death. From 1909 through 1939, the heirs of Sherburn Morrill deeded various lots on a parcel of land known as "Sherb's Island" to the defendants' predecessors in title. The defendants and their predecessors in title have, since 1941, had possession of the land called "Sherb's Island" from which plaintiff's action seeks to dispossess them.

Plaintiff bases its claim for record title to the disputed real estate on an 1847 deed from Joel Howard (Samuel Chandler's successor in title to all but the reserved "island") to Joel Howard, Jr. which describes the property conveyed as "being the whole of the Waugh Farm." No deed after the

---

1. The defendants under whose name the motion was brought were J. Grant and Anna J. Floyd, John S. and June E. Walker, Rene LaRivee, Robert H. and Kathleen M. Haselton, James D. Lehan and Robert G. Bussey. After the motion was granted (and after the Law Court dismissed those defendants' ap- peals as premature, under M.R.C.P., Rule 54(b), *Tallwood Land & Development Company v. Botka*, Me., 296 A.2d 501 (1972)), defendants George H. and Elaine Botka, Charles P. and Thelma Green, in separate motions, moved successfully to have the order of summary judgment apply to them.

1839 conveyance to Joel Howard refers to the exception of "Pine Island". On the other hand, no record exists of Joel Howard ever getting title to "Pine Island". Plaintiff claims that the disputed land was never severed from the original Waugh estate, that Sherburn Morrill never recorded a deed to a "Pine Island" and that the "whole of the Waugh Farm" conveyed to his predecessor in title must include the disputed peninsula.

These facts and representations contained in supporting affidavits to be discussed later constitute the essence of the information before the Court which granted the defendants' motion for summary judgment. The presiding Justice ruled that:

" . . . The basic question is whether or not Sherb's Island (now so called) is the same real property as that reserved in deed 1839. Chandler to Howard . . . and then called Pine Island.

. . . May this question be answered as a matter of law from the deeds and other admitted facts? I think it can. The other factual evidence offered would only amount to the witnesses substituting their own interpretation of the words in the deed for that of the court . . . ."

We believe that the Court improperly characterized the issue and erred in granting the defendants' motion for summary judgment.

■ Summary judgment under M.R.C. P., Rule 56 should issue only if the pleadings, interrogatories, depositions and affidavits show that "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." M.R.C.P., Rule 56(c); *Beckwith v. Rossi,* 157 Me. 532, 175 A.2d 732 (1961). The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine question of fact exists. The court cannot decide an issue of fact

no matter how improbable seem the opposing party's chances of prevailing at trial. Field, McKusick & Wroth, 2 Maine Civil Practice 39 (2d ed. 1970).

■ The essential issue presented to the Court below was whether the "Pine Island", reserved by Samuel Chandler in his 1839 deed to Joel Howard, is the same real estate as "Sherb's Island", the premises now claimed by both parties. It is well-established in this state that the existence and nature of particular boundaries is a question of law but that the location of those boundaries is a question of fact. *Leighton v. Leighton,* Me., 329 A.2d 164 (1974); *Rusha v. Little,* Me., 309 A.2d 867 (1973). Clearly, the identity of the reserved island is central to the issue of the location of the plaintiff's boundaries since the boundaries of its property will be determined in part by the exact location of "Pine Island", if that island can be found at all. The Court could not, therefore, properly conclude that the disputed property was not within the plaintiff's boundaries as a matter of law. Because the issue is one of a material fact, the Court could have granted the defendants' motion for summary judgment only if the facts before it so conclusively precluded the plaintiff's recovery the Court could conclude, as a matter of law, that only one conclusion of fact was possible. *Depositors Trust Co., v. Maryland Casualty,* 157 Me. 493, 174 A.2d 288 (1961). We do not believe that such was the case here.

■ Proffered material to support the defendants' motion and the plaintiff's opposition to it cannot be said to have excluded all uncertainty as to the identity of Samuel Chandler's "Pine Island".

■■ The plaintiff admitted the genuineness of the 1839 deed from Chandler to Howard, that is, that the deed did convey certain real estate on the date delivered. Plaintiff did not thereby admit that "Sherb's Island" is the same as "Pine Island". The plaintiff did in fact submit an offer of proof that his surveyor would

have testified that "Pine Island" cannot be located on the face of the earth. The defendants' affiant, a 92-year-old resident of the area, swore that the disputed land has been called "Sherb's Island" for at least the past 70 years. Plaintiff's affiant, a 71-year-old resident of the area, swore to the existence of a "Pine Island" located off the northeast shore of Maranacook Lake and that it is not the same as the real estate known as "Sherb's Island". The evidence does, moreover, suggest that "Sherb's Island" is not an island at all, but is connected with the mainland. Finally, the defendants were not able to produce the missing link in the chain of title—a deed from Ephraim Wood to Sherburn Morrill whose "Waugh Island" is the possible predecessor of "Sherb's Island". The defendants' attempt to provide this evidence by speculating that the conveyance was never recorded by no means settles the issue with the certainty required to preclude a "genuine issue" of fact. None of the information before the Court conclusively settled the issue of whether "Pine Island" was, in fact, the disputed real estate.[2] Instead it demonstrated the existence of a genuine issue of material fact—whether the land occupied by the defendants is the "Pine Island" which Samuel Chandler conveyed to Ephraim Wood in 1843.

The entry will be:

Appeal sustained.

All Justices concurring.

2. Defendants allege in their complaint that they have gained title to the disputed land by adversely possessing it for more than 20 years under 14 M.R.S.A. § 801 et seq. and that the summary judgment could be upheld on these grounds. One who, like the defendants, possesses real estate under claim of title is entitled to claim that land by adverse possession. *Nevells v. Carter*, 122 Me. 81, 119 A. 62 (1922). He must, however, intend to claim that land adversely. *Landry v. Giguere*, 127 Me. 264, 143 A. 1 (1928). Thus, one who by mistake occupies land believing it to be his own but has no intent to claim that land unless it is his, has only a conditional intent and cannot claim through adverse possession. *Ayer v. Harris*, 125 Me. 249, 132 A. 742 (1926); *Preble v. Maine Cent. R.R.*, 85 Me.

260, 27 A. 149 (1893). If, on the other hand, a party claiming through mistake has an absolute intent to claim the land, his possession is adverse to the true owner and, having the requisite duration and continuity, will ripen into title. *Ricker v. Hibbard*, 73 Me. 105 (1881); *Hitchings v. Morrison*, 72 Me. 331 (1881). The essential element in the defendants' claim for adverse possession, then, is the entry on to and continual possession of the land with a knowing and intentional hostility. Whether this requisite intent was present is an issue of fact on which the information before the Court, addressing principally the issue of the identity of "Sherb's Island", does not permit any conclusive judgment and therefore cannot support summary judgment.