Myrna L. BLACK and Sammy A. BLACK *v.*
WESTWOOD PROPERTIES, INC.

CA 81-44                                          618 S.W. 2d 169

Court of Appeals of Arkansas
Opinion delivered June 24, 1981

*Richard H. Wooten*, for appellants.

*Wood, Smith & Schnipper*, for appellee.

LAWSON CLONINGER, Judge. Appellants Myrna L. Black and Sammy A. Black, prosecute this appeal from a decision of the trial court that appellants had failed to establish title by adverse possession to .53 acres of land owned by appellee, Westwood Properties, Inc. Appellee was granted judgment on its complaint in ejectment filed for the possession of the tract in dispute, an irregularly shaped strip lying immediately south of property owned by appellants.

The only issue on appeal is whether the trial court's finding is clearly against the preponderance of the evidence. We affirm the decision of the trial court.

Adam Dorn, the common predecessor in title of appellants and appellee, bought the property now owned by appellants and appellee in 1949; and soon thereafter put in a west to east country road on land now owned by appellee in order to give Ship, Dorn's neighbor on the east, an ingress and egress road. A short time later Dorn put up a fence on the north side of the private road in order to keep Ship's livestock off of his cultivated land. This old fence is the line to which appellants claim, and appellants replaced the old fence with a new one when they acquired their property. Neither the old fence nor the new fence fully enclosed the disputed area. The last persons before appellants to live on appellants' property, the Millwoods, had run livestock on the land to the old fence, and the Millwoods moved away in 1969. Appellants bought their property on August 20, 1970, and at that time it was grown up and uncared for. Appellants

cleared up the land after their purchase, planted trees, mowed the grass, maintained the property to the fence line, and they have continuously cultivated a garden in a portion of the disputed area. Appellant Myrna Black stated that she knew their south boundary was a straight line on the plat, and that the fence was curved. The complaint here was filed in the trial court by appellee for possession of the .53 acre tract on June 23, 1977.

Shelton Whitlow owned appellee's land from 1960 to 1977, and testified that he walked the perimeters of the land several times. He did not know the fence was there since it was grown up in brush and vines. He saw appellants every week but no one told him the appellants were claiming part of his land.

The chancellor found that the country road and fence were not intended by Dorn to establish a boundary line, but simply provided a permissive use by Ship and his successor in title. The chancellor further found that appellants had failed to sustain their burden of proof that either they or their predecessors continuously held the disputed area openly and adversely for seven years. While a decision of a chancery court is reviewed *de novo* on appeal, we will not reverse as to the facts unless the chancellor's finding is clearly erroneous, or clearly against the preponderance of the evidence. *Gautrau* v. *Jan's Realty*, 271 Ark. 394, 609 S.W. 2d 107 (Ark. App. 1980). Arkansas Rules of Civil Procedure, Rule 52.

In order for adverse possession to ripen into ownership, possession for seven years must be actual, open, notorious, continuous, hostile, exclusive, and it must be maintained with an intent to hold against the true owner. The owner of the paper title must have knowledge that another is holding his property, or there must be such physical evidence as would indicate to him, if he visits the premises and is a person of ordinary prudence, that a claim of ownership is being asserted. *Moore* v. *Anthony Jones Lumber Company*, 252 Ark. 883, 481 S.W. 2d 707 (1972). Possession for the statutory period must be continuous. *Utley* v. *Ruff*, 255 Ark. 824, 502 S.W. 2d 629 (1973).

The possession of appellants contained some of the elements of adverse possession, but they have failed to prove all of the elements by a preponderance of the evidence; their possession was actual, open, hostile, exclusive, and they intended to hold against the true owner. However, they have failed to show that their adverse holding was known to the owner, or that their acts were such as would reasonably indicate that appellee should have known their intentions. They knew the owner, yet their intent was never communicated to him, and there is nothing in the record to indicate that others in the community were aware of appellants' holding. There was testimony that the owner walked the perimeters of his property and never saw the fence or knew of the adverse holding, and there is evidence that appellants knew or suspected that their property line did not go all the way to the fence. As it was stated in *Barclay* v. *Tussey*, 259 Ark. 238, 532 S.W. 2d 193 (1976), ". . . the doctrine of adverse possession is intended to protect one who honestly enters into possession of land in the belief that the land is his own . . ."

There is an additional reason, not remarked upon by the chancellor, why appellants cannot prevail. Their possession was not continuous for the statutory seven year period. The early case of *Brown* v. *Hanaver*, 48 Ark. 277, 3 S.W. 27 (1886) held that when actual possession of land by an adverse claimant ceases, the constructive possession of the legal owners revives and a renewed adverse possession will not receive aid from or be tacked to a former possession to piece out the time allotted by statute for acquiring title by adverse possession.

Appellants in the instant case cannot be permitted to add their possession to that of their predecessors in title, the Millwoods. The Millwoods moved away from the property some time in 1969; appellants did not buy the property until August 20, 1970, and the land was grown up in brush and vines when appellants first saw it. The ejectment action was filed by appellee on June 23, 1977. Therefore, the holding by appellants was only for six years and ten months.

The decision of the trial court is affirmed.