STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-201

DH/N - KEN - 8 50 2005

CARLA MOWATT,

      Plaintiff

      v.

JOHN MURPHY HOMES, INC.,

      Defendant

**DECISION ON MOTION
FOR SUMMARY JUDGMENT**

DONALD L.
LAW LIBRARY

AUG 6 2003

This matter is before the court on defendant's motion for summary judgment. Plaintiff Carla Mowatt ("Plaintiff") brings this action against her former employer, Defendant John Murphy Homes, Inc. ("Defendant") for violation of Maine's Whistleblower Protection Act and the Maine Human Rights Act. Plaintiff was the Director of Children's Services for Defendant from March 1998 to September 1999. Plaintiff alleges she was illegally terminated due to her reporting of abuse to the Department of Human Services ("DHS") concerning children to whom Defendant provided services; and her informing her supervisor of illegal procedures within the Children's Services Department.

Defendant maintains that Plaintiff was terminated due to data received from Defendant's finance director, negative feedback generated as a result of a review of the Children's Services Department and because of Plaintiff's reaction to an anonymous complaint letter sent to Defendant. Reporting of suspected abuse or neglect is mandatory for Defendant. Defendant had a written policy requiring its employees to make reports of suspected abuse and neglect regarding persons under its care, including children, during the period of Plaintiff's employment. Defendant moves for

summary judgment, alleging there is no genuine issue of fact and that it is entitled to judgment as a matter of law.

Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

The Maine Whistleblower's Protection Act ("Act"), 26 M.R.S.A. § 831 et seq., prohibits an employer from taking adverse action against an employee for the reporting activity specified in section 833(3), as well as against an employee who: 1) reports what she reasonably believes to be an illegal activity at the workplace to his employer or a public entity; 2) reports what she reasonably believes to be a workplace activity that could endanger her own or others' health and safety; or 3) refuses to obey a directive from her employer that she reasonably believes will place her or others in danger of serious injury or death. 26 M.R.S.A. § 833. Participation in a court proceeding to

2

remove a minor from his parent's home is also protected activity under the Act. *Id.* at § 833 (1)(c).

For an employee to prevail under the Act, she must show that 1) she engaged in activity protected by the Act; 2) she experienced an adverse employment action; and 3) a causal connection existed between the protected activity and the adverse employment action. *DiCentes v. Michaud*, 1998 ME 227, ¶ 14, 719 A.2d 509 (*citing Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 154 (Me. 1991). If each element of the prima facie case is satisfied – including causation – then the burden shifts to the defendant employer to articulate a legitimate, non-retaliatory reason for its employment decision. *See Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir. 1996). If the defendant employer does so, the ultimate burden falls on the plaintiff to demonstrate both that the proffered reason is a pretext and that the job action was the result of the defendant's retaliatory animus. *Id.* (citations omitted).

The plaintiff need not show that her whistleblower activity was the sole reason for her termination. *See Maine Human Rights Commission v. City of Auburn*, 408 A.2d 1253, 1268 (Me. 1979). Her overall burden is met if a reasonable jury could conclude that the defendant employer's purported reasons for her termination were false or that the employer was more likely motivated by her protected activity. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2106 (2000)(citations omitted).

Here, there remain genuine issues of material fact. Regarding causation, it remains in dispute whether Plaintiff was fired for the reasons Defendant maintains (e.g., due to data received from the finance director; negative feedback during the program review; and Plaintiff's reaction to an anonymous letter), or whether Plaintiff was in fact fired for her reporting of abuse to DHS and consequently for losing the two largest cases in Children's Services. Resolution of these issues is for a jury.

The entry will be:

Defendant's motion for summary judgment is DENIED.

Dated: May___30___, 2003

Donald H. Marden
Justice, Superior Court

CARLA MOWATT   - PLAINTIFF
RR7, BOX 1510
AUGUSTA ME 04330
Attorney for: CARLA MOWATT
JOHN P GAUSE
DISABILITY RIGHTS CENTER
24 STONE STREEET
PO BOX 2007
AUGUSTA ME 04338


vs
JOHN F MURPHY HOMES, INC. - DEFENDANT

Attorney for: JOHN F MURPHY HOMES, INC.
MICHAEL MESSERSCHMIDT
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: JOHN F MURPHY HOMES, INC.
MATTHEW J LAMOURIE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: JOHN F MURPHY HOMES, INC.
SARA GAGNE HOLMES
PRETI FLAHERTY ET AL
PO BOX 1058
45 MEMORIAL CIRCLE
AUGUSTA ME 04332-1058

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 09/20/2001

## Docket Events:

09/20/2001 FILING DOCUMENT - COMPLAINT FILED ON 09/20/2001

09/20/2001 Party(s):  CARLA MOWATT
          ATTORNEY - RETAINED ENTERED ON 09/20/2001
          Plaintiff's Attorney: JOHN P GAUSE

09/20/2001 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/20/2001
          Defendant's Attorney: JOHN P GAUSE
          MAILED TO ATTY. OF RECORD.

12/19/2001 Party(s):  CARLA MOWATT
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/19/2001
          MOTION FOR ENLARGEMENT OF TIME TO FILE RETURN OF SERVICE WITH PROPOSED ORDER.  S/J.GAUSE,
          ESQ.

12/21/2001 Party(s):  JOHN F MURPHY HOMES, INC.